Mona NAGUIB, Appellant,

v.

Latif NAGUIB, Appellee.

No. 05–03–00669–CV.

Court of Appeals of Texas, Dallas.

June 28, 2004.

Judith A. Grantham, Carrollton, for Appellant.

John J. Pfister, Pfister & Weaver, P.L.L.C., Frisco, for Appellee.

Before Justices WRIGHT, RICHTER, and LANG.

## OPINION

Opinion by Justice LANG.

Mona Naguib appeals the divorce decree dissolving her marriage with Latif Naguib. Appellant brings ten issues on appeal complaining, generally, about: (1) the trial court's appointment of the parties as joint managing conservators of their minor son because the evidence before the trial court established that it was not in his best interest; and (2) the division of the parties' property. We decide appellant's issues on appeal against her and affirm the trial court's judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 1, 1977, the Naguibs, who are both natives of Egypt, were married in London, England. During their marriage, the Naguibs moved to Toronto, Canada, and became Canadian citizens. There are

two children from the Naguibs' marriage, Sam Naguib, age twenty-two at the time of the trial and A.K.N., a minor male child, age eleven at the time of the trial. In October 1997, appellant moved to Dallas, Texas in connection with her employment. Appellant purchased a house in Allen, Texas. Latif Naguib and A.K.N. followed appellant to the Dallas area. Their older son chose to remain in Canada. In November 1998, Child Protective Services (CPS) investigated allegations of physical abuse of A.K.N. by Latif Naguib. CPS concluded in its report that there was "not sufficient evidence to determine if abuse/neglect did occur ..." and recommended that Latif Naguib attend anger management classes. In December 1998, the Naguibs separated. Latif Naguib returned to Canada and resided with their older son, Sam Naguib. Appellant remained in the Dallas area with A.K.N.[1]

On February 25, 2002, appellant filed her Original Petition for Divorce. On July 8, 2002, at the conclusion of the trial, the trial court ordered that: the parties are appointed joint managing conservators; appellant has the right to establish the primary residence of A.K.N.; and Latif Naguib has possession of A.K.N. pursuant to the standard possession order. The trial court also announced that it was going to take under advisement the issues regarding the division of the property. On July 9, 2002, appellant took A.K.N. to Egypt and did not return for approximately ten days, in spite of the trial court's order that Latif Naguib's visitation was to begin on July 9, 2002. On August 1, 2002, the trial court notified the parties of its ruling on the property division issues.

Appellant later filed a motion for reconsideration, which the trial court denied without a hearing. Thereafter, appellant filed a supplemental motion for reconsideration as an amendment to her earlier motion to reconsider. The trial court denied her supplemental motion without a hearing.

On February 6, 2003, the trial court entered the Final Decree of Divorce. The divorce decree ordered that the parents are joint managing conservators; ordered standard possession or visitation of A.K.N. by Latif Naguib; required the house in Allen, Texas to be sold and the proceeds divided; and awarded each party the accounts, liquid and retirement, in that party's name, with the exception that Latif Naguib was awarded 45% of both appellant's Canadian RRSP[2] and Canadian pension plan from Nortel Networks. The trial court signed its Findings of Fact and Conclusions of Law on April 9, 2003. Appellant appeals the Final Decree of Divorce.

## II.  JOINT MANAGING CONSERVATORS

In her first issue on appeal, appellant argues that the trial court abused its discretion by appointing the parties joint managing conservators of A.K.N., because the evidence before the trial court established that such appointment was not in the child's best interest.

### A.  Standard of Review

■ Conservatorship is evaluated against an abuse of discretion standard of review. *Jenkins v. Jenkins*, 16 S.W.3d 473, 477 (Tex.App.-El Paso 2000, no pet.).

---

1. At trial, there was conflicting testimony about the frequency of Latif Naguib's visitation with A.K.N. during their separation. Appellant claimed that he only visited A.K.N. twice a year, while he claims that appellant constantly interfered with his telephone access to and visitation with A.K.N.

2. A RRSP is the Canadian equivalent of an IRA.

We reverse the trial court's judgment only when it appears from the record as a whole that the trial court abused its discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990); *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex.1982). *See also In re N.A.S.*, 100 S.W.3d 670, 673 (Tex.App.-Dallas 2003, no pet.); *Jacobs v. Dobrei*, 991 S.W.2d 462, 463 (Tex.App.-Dallas 1999, no pet.). A trial court abuses its discretion as to factual matters when it acts unreasonably or arbitrarily. *In re M.W.T.*, 12 S.W.3d 598, 602 (Tex.App.-San Antonio 2000, pet. denied)(construing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992)). *See also Worford*, 801 S.W.2d at 109; *Jacobs*, 991 S.W.2d at 463. A trial court abuses its discretion as to legal matters when it fails to act without reference to any guiding principles. *In re M.W.T.*, 12 S.W.3d at 602 (construing *Walker*, 827 S.W.2d at 840). *See also Worford*, 801 S.W.2d at 109; *Jacobs*, 991 S.W.2d at 463. A trial court's determination of the best interest of the child will only be reversed upon a determination of an abuse of discretion because the trial court "is in the best situation to observe the demeanor and personalities of the witnesses and can 'feel the forces, powers, and influences that cannot be discerned by merely reading the record.'" *In re N.A.S.*, 100 S.W.3d at 673; *In the Interest of T.*, 715 S.W.2d 416, 418 (Tex.App.-Dallas 1986, no writ).

### B. Applicable Law

Section 153.001 of the Texas Family Code outlines Texas public policy for all suits affecting the parent-child relationship:

(a) The public policy of this state is to:

(1) assure that children will have frequent and continuing contact with parents who have shown the ability to act in the best interest of the child;

(2) provide a safe, stable, and nonviolent environment for the child; and

(3) encourage parents to share in the rights and duties of raising their child after the parents have separated or dissolved their marriage.

TEX. FAM.CODE ANN. § 153.001(a) (Vernon 2002). *See Lenz v. Lenz*, 79 S.W.3d 10, 14 (Tex.2002); *In re J.F.C.*, 96 S.W.3d 256, 293 (Tex.2002). Reviewing courts must endeavor to give meaning to these public policy imperatives as they interpret the family code. *See Lenz*, 79 S.W.3d at 14. In determining issues of conservatorship and possession of a child, the primary consideration of the court is the best interest of the child. TEX. FAM.CODE ANN. § 153.002. *See also Coleman v. Coleman*, 109 S.W.3d 108, 110 (Tex.App.-Austin 2003, no pet.).

The Texas Family Code establishes a rebuttable presumption that the appointment of the parents of a child as joint managing conservators is in the best interest of the child. TEX. FAM.CODE ANN. § 153.131. However, the trial court may appoint the parents as joint managing conservators only if it is in the best interest of the child. TEX. FAM.CODE ANN. § 152.134(a). Section 153.004 of the Texas Family Code prohibits the trial court from appointing the parents joint managing conservators if there is credible evidence of a history or pattern of past or present physical abuse by one parent directed against a child within a two-year period preceding the filing of the suit or during the pendency of the suit. *See* TEX. FAM.CODE ANN. § 153.004. *See Burns v. Burns*, 116 S.W.3d 916, 921 (Tex.App.-Dallas 2003, no pet.). Section 153.134(a) of the Texas Family Code provides a nonexclusive list of factors for the trial court to consider in determining whether to appoint the parents as joint managing conservators. TEX. FAM.CODE ANN. § 153.134(a).

### C. Application of the Law to the Facts

The determination of who should be appointed a managing conservator is left to the sound discretion of the trial court. *Coleman*, 109 S.W.3d at 111. The trial court is in the best position to determine what will be in the best interest of the child, because it faced the parties and their witnesses, observed their demeanor, and had the opportunity to evaluate the claims made by each parent. *Id.* Based upon the record and given the rebuttable presumption, we cannot say it was an abuse of discretion for the trial court to appoint the parents joint managing conservators.

The first issue on appeal is decided against appellant.

### III. ADDITIONAL POST TRIAL EVIDENCE

In her second, third, and fourth issues on appeal, appellant. argues that the trial court abused its discretion: (1) when it overruled appellant's motion for reconsideration and her supplemental motion for reconsideration as an amendment to the motion she filed on November 14, 2002; (2) by appointing Latif Naguib as a joint managing conservator of A.K.N. because appellant presented credible evidence to the trial court of a history or pattern of past physical abuse by Latif Naguib directed against A.K.N.; and (3) by allowing Latif Naguib unsupervised possession of A.K.N. because appellant presented credible evidence to the trial court of a history or pattern of past physical abuse by Latif Naguib directed against A.K.N.

As appellant suggests, the second, third, and fourth issues on appeal are related. Appellant claims that the trial court was faced with conflicting evidence at trial. However, she argues that if the trial court had granted her motions, the trial court would have had before it credible evidence of physical abuse by Latif Naguib of A.K.N. and a much clearer record. It is appellant's contention that the trial court abused its discretion by refusing to grant her motions for reconsideration.

### A. Trial Court's Denial of Motions to Reconsider

In her second issue on appeal, appellant argues that the trial court abused its discretion when it denied her motions to reconsider.

#### 1. Standard of Review

It is within the trial court's discretion to permit the reopening of a case for the purpose of admitting additional evidence. *See Word of Faith World Outreach Center Church, Inc. v. Oechsner,* 669 S.W.2d 364, 366 (Tex.App.-Dallas 1984, no writ). *See also eg. Lopez v. Lopez,* 55 S.W.3d 194, 201 (Tex.App.-Corpus Christi 2001, no pet.); *In re Hawk,* 5 S.W.3d 874, 876 (Tex.App.-Houston [14th Dist.] 1999, no pet.). A trial court should exercise its discretion liberally in the interest of justice so that both parties are permitted to fully develop their case. *See Word of Faith,* 669 S.W.2d at 367. *See also eg. Lopez,* 55 S.W.3d at 201; *In re Hawk,* 5 S.W.3d at 877; *Ex parte Stiles,* 950 S.W.2d 444, 446 (Tex.App.-Waco 1997, no writ). Unless the trial court has clearly abused its discretion, an appellate court should not disturb its refusal to reopen a case for the purpose of admitting additional evidence. *See Word of Faith,* 669 S.W.2d at 366. *See also eg. Lopez,* 55 S.W.3d at 201; *Apresa v. Montfort Ins. Co.,* 932 S.W.2d 246, 249 (Tex.App.-El Paso 1996, no writ).

#### 2. Applicable Law

Texas Civil Procedure Rule 270 allows a trial court to permit additional evidence to be offered at any time, when it clearly appears to be necessary to the due

administration of justice. TEX.R. CIV. P. 270. *See also Lopez*, 55 S.W.3d at 201. Rule 270 allows, but does not require, a trial court to permit additional evidence. *Lopez*, 55 S.W.3d at 201; *Krishnan v. Ramirez*, 42 S.W.3d 205, 223 (Tex.App.-Corpus Christi 2001, pet. denied). In determining whether to permit additional evidence, a trial court may consider the following factors: (1) the moving party's due diligence in obtaining the evidence; (2) the decisiveness of the proffered evidence; (3) any undue delay the reception of the evidence could cause; and (4) any injustice the granting of the motion could cause. *Eg. Lopez*, 55 S.W.3d at 201; *In re Hawk*, 5 S.W.3d at 877; *Ex Parte Stiles*, 950 S.W.2d at 446–47. *See also Word of Faith*, 669 S.W.2d at 367 (listing only the last three factors). Where these factors are present, it may be a trial court's duty to grant a party's motion to offer additional evidence. *Word of Faith*, 669 S.W.2d at 367. *See In re Protection of H.W.*, 85 S.W.3d 348, 358 (Tex.App.-Tyler 2002, no pet.). However, these are just factors to be considered. Therefore, if all of the factors are not satisfied, a trial court's ruling on a party's motion to reopen the evidence should not be disturbed. *See In re H.W.*, 85 S.W.3d at 358.

### 3. Application of the Law to the Facts

██ Four months after the trial, appellant requested that the trial court reopen the evidence to allow, in part, the admittance of: (1) a Texas CPS report from 1998; (2) an Islamic marriage certificate; and (3) the deposition testimony of Egal Abouelata, appellant's mother, who allegedly witnessed Latif Naguib abuse A.K.N. on several occasions. Appellant has not shown that the evidence she sought to offer after the trial was unavailable to her at the time of the trial. *Lopez*, 55 S.W.3d at 201. Also, we conclude that the evidence that appellant claims was erroneous-ly excluded was not decisive. Appellant admits that the trial court was faced with conflicting testimony from two interested witnesses and argued that the additional evidence would have corroborated her testimony. As evidence corroborating appellant's testimony, the additional evidence is not determinative, but cumulative. We also note that the CPS report is more than two years old and did not find sufficient evidence to determine that abuse had occurred. In addition, appellant has not shown any injustice caused by the trial court's denial of her motions to reconsider. We conclude that the trial court did not abuse its discretion in denying appellant's motions to reconsider.

The second issue on appeal is decided against appellant.

### B. Joint Managing Conservators and History of Abuse

In her third issue on appeal, appellant argues that the trial court abused its discretion by appointing Latif Naguib as a joint managing conservator of A.K.N. because she presented credible evidence to the trial court of a history or pattern of past physical abuse by Latif Naguib directed against A.K.N. Specifically, appellant contends that the trial court was presented with conflicting evidence regarding the alleged physical abuse of A.K.N. by Latif Naguib, but the evidence she sought to offer after the trial would have corroborated her testimony providing credible evidence of abuse. Appellant maintains that the additional evidence would have statutorily prohibited the trial court from appointing Latif Naguib as a joint managing conservator. These arguments were resolved in appellant's first and second issues on appeal.

The third issue on appeal is decided against appellant.

## C. Possession and Visitation

In her fourth issue on appeal, appellant argues that the trial court abused its discretion by allowing Latif Naguib unsupervised possession of A.K.N. because she presented credible evidence to the trial court of a history or pattern of past physical abuse by Latif Naguib directed against A.K.N. Specifically, appellant contends, as she did in her second and third issues on appeal, that the trial court was presented with conflicting evidence from two interested witnesses regarding the alleged physical abuse of A.K.N. by Latif Naguib, but the evidence she sought to offer after the trial would have corroborated her testimony providing credible evidence of abuse. Appellant maintains that the additional evidence would have prohibited the trial court from awarding Latif Naguib unsupervised possession of A.K.N. This issue was resolved by our conclusion regarding appellant's second issue on appeal where we determined that the trial court did not abuse its discretion in denying appellant's motions to reconsider containing her request that the trial court permit her to offer additional evidence.

The fourth issue on appeal is decided against appellant.

## IV. PROPERTY VALUATION AND DIVISION

In her fifth through tenth issues on appeal, appellant argues that: (1) there was no evidence, or alternatively insufficient evidence, to support the finding of fact in which the trial court valued appellant's Nortel Networks pension account at $203,566.00; (2) the trial court abused its discretion by valuing appellant's Nortel Networks pension account at $203,566.00; (3) the trial court committed an error of law by valuing appellant's Nortel Networks pension account by its "commuted value" rather than awarding interest in it on an if, as, and when paid basis; (4) there was no evidence, or alternatively, insufficient evidence to support the finding of fact in which the trial court valued appellant's Nortel Networks Long Term Investment Account at $28,000.00; (5) the trial court abused its discretion by valuing appellant's Nortel Networks Long Term Investment Account at $28,000.00; and (6) the trial court abused its discretion in its division of the parties' community property because the trial court did not make a "just and right" division of that community property.

## A. Standard of Review

▮ An appellant challenging the sufficiency of the evidence to support the trial court's valuation of a particular asset, must also contend that the erroneous valuation caused the trial court to abuse its discretion in the overall division of the community estate. *Sandone v. Miller–Sandone,* 116 S.W.3d 204, 206 (Tex.App.-El Paso 2003, no pet.). *See also Tate v. Tate,* 55 S.W.3d 1, 5 (Tex.App.-El Paso 2000, no pet.); *Lindsey v. Lindsey,* 965 S.W.2d 589, 592 & n. 3 (Tex.App.-El Paso 1998, no pet.). Because these two issues implicate two different standards of review, a reviewing court engages in a two-part inquiry: (1) Did the trial court have sufficient information to support its valuation of the assets upon which to exercise its discretion?; and (2) Did the trial court err in its application of discretion when dividing the community estate? *See Sandone,* 116 S.W.3d at 206.

## B. Valuation of the Property

In her fifth through ninth issues on appeal, appellant argues that the trial court's valuation of her pension plan and long term investment account is not supported by the evidence. She also claims the trial court abused its discretion. Because these

issues concern the trial court's valuation of the community property, we address them together.

### 1. Applicable Law

When valuing a retirement or benefits plan for the purpose of dividing it, the number of months the parties were married under the plan is divided by the total number of months the spouse was employed under the plan at the time of the divorce. *Shanks v. Treadway,* 110 S.W.3d 444, 446 n. 3 (Tex.2003); *Berry v. Berry,* 647 S.W.2d 945, 946–47 (Tex.1983). That fraction is then multiplied by the non-employee spouse's "just and right" share in the community interest as determined by the trial court, which is then multiplied by the value of the community's interest in the plan at the time of the divorce.[3] *Shanks,* 110 S.W.3d at 446 n. 3.

A party to a lawsuit cannot ask something of a trial court and then complain on appeal that the trial court committed error in granting that party's request. *Northeast Texas Motor Lines, Inc. v. Hodges,* 138 Tex. 280, 282, 158 S.W.2d 487, 488 (1942). *See eg. Dolenz v. American General Fire and Casualty Co.,* 798 S.W.2d 862, 863 (Tex.App.-Dallas 1990, writ denied); *Shafer v. Bedard,* 761 S.W.2d 126, 131 (Tex.App.-Dallas 1988, no writ). *See also eg. Soto v. Seven Seventeen HBE Corp.,* 52 S.W.3d 201, 206–07 (Tex.App.-Houston [14th Dist.] 2000, no pet.); *Neasbitt v. Warren,* 22 S.W.3d 107, 112–13 (Tex.App.-Fort Worth 2000, no pet.). This rule is grounded in even justice and dictated by common sense. *Northeast Texas Motor Lines, Inc.,* 138 Tex. at 282, 158 S.W.2d at 488. *See also Neasbitt,* 22 S.W.3d at 112–13. When the record on appeal conclusively establishes that the trial court entered its judgment in full compliance with appellant's request, all complaints by appellant about the trial court's action in so doing are foreclosed. *See Dolenz,* 798 S.W.2d at 863.

### 2. Application of the Law to the Facts

Appellant argues for the first time on appeal that the value of her pension and long term investment accounts could change in the future if she becomes re-employed. She contends that if she were to subsequently become employed, the trial court's valuation would permit Latif Naguib to invade her separate, post divorce property. *See Shanks,* 110 S.W.3d at 446–47. Appellant also argues that the trial court committed an error of law in valuing her Nortel Networks pension plan because the only evidence before it was referred to at trial as the "commuted value" of the plan's assets and the meaning of "commuted value" is not clear in the record.

In its Findings of Fact and Conclusions of law, the trial court found that appellant's Nortel Networks pension plan was valued at $203,566.00 U.S. Dollars. At trial, appellant offered the *only* evidence of the value of her pension plan. Appellant presented to the trial court evidence that

---

**3.** The equation for the formula described in *Shanks* and *Berry* for valuing the division of a retirement or benefits plan is

$$\left(\left(\frac{M}{E}\right)S\right)V :$$

where M equals the number of months the parties were married under the plan; E equals the total number of months the spouse was employed under the plan at the time of the divorce; S equals the non-employee spouse's "just and right" share in the plan; and V equals the value of the community's interest in the plan at the time of the divorce.

she was fifty-one years old and had been laid off from her employer of twenty years. There was no mention at trial that appellant might become re-employed.

■ Appellant claims that, although she is no longer employed by Nortel Networks, she is not yet eligible to receive the benefits and that the value of the plan could increase if she becomes re-employed or through inflation. In support of her argument, appellant points this court to the *Shanks* and *Berry* formula, which required that the value of a retirement or benefits plan is calculated at the time of the divorce rather than at the time of retirement. *Shanks*, 110 S.W.3d at 446 n. 3; *Berry*, 647 S.W.2d at 946–47. However, appellant does not provide an analysis showing that the trial court improperly valued her plan at the time of divorce. Rather, she argues that the value of the plan could increase in the future if she is re-employed by Nortel Networks or transfers her pension plan to another employer. The fact that the value of the pension plan could increase in the future is not the same as the trial court miscalculating the value of her pension plan. Appellant has not shown us that the trial court improperly valued the pension plan based upon its value at the time of retirement rather than at the time of divorce or how a future increase in the value of her pension plan would permit Latif Naguib to invade her separate property. *Shanks*, 110 S.W.3d at 446 n. 3; *Berry*, 647 S.W.2d at 946–47. The formula required to be used by the trial court in valuing a retirement or benefits plan is not relevant to the substance of appellant's argument because the only evidence of her pension plan's value was offered by appellant. She did not provide the trial court with any guidance or discuss the possibility of an increase in the future value of her pension plan.

Appellant also argues that the only evidence before the trial court regarding the value of her pension plan was evidence of the plan's "commuted value," which is unclear. The uncontested evidence offered by appellant regarding the value of her pension plan was described in documentation, which was addressed to appellant from Nortel Networks. The documentation stated that the "commuted value" of her pension plan was $311,456.42 Canadian Dollars. In addition, the trial judge attempted to clarify his understanding of the value presented by appellant at trial, stating on the record that he understood, given the current rate of exchange between U.S. Dollars and Canadian Dollars, that the pension account was worth $203,000.00 U.S. Dollars. Appellant did not object to or contest the trial court's statement, on the record, as to his valuation of her pension plan. Further, there was an attempt to clarify the meaning of the statement showing her pension to be valued at $311,456.42 Canadian Dollars when she testified on re-cross examination as follows:

> APPELLEE'S COUNSEL: Mona, the only—you keep shaking your head and the Judge is trying to get a handhold on this Canadian pension fund. There's a statement there that says it has the value of $311,000 Canadian. That number means something. What does it mean?
>
> APPELLANT: That number means that if I'm at age at 2011, I decide I would be getting the equivalent of 311,000 [sic].
>
> APPELLEE'S COUNSEL: If today, if you didn't take a penny out until 2011 and then you chose to take the lump sum, you would get—they're telling

*See Shanks*, 110 S.W.3d at 446 n. 3; *Berry*,  647 S.W.2d at 947.

you today that that amount would be $311,000 Canadian?

APPELLANT: Yes.

\* \* \* \* \* \*

APPELLEE'S COUNSEL: So if you didn't take any of your monthly distributions until you were 62, you could draw $311,000 Canadian out?

APPELLANT: Yes.

The value found by the trial court for appellant's pension plan was exactly the same as the amount set out in the sole evidence offered by appellant on the issue at trial.

In its Findings of Fact and Conclusions of law, the trial court found that appellant's Nortel Networks long term investment account was valued at $28,000.00. The uncontested evidence appellant offered and which was admitted into evidence at trial regarding the value of her Nortel Networks long term investment account included the following: (1) a statement addressed to appellant dated the "Year End, 2001," reflecting a value of $28,157.82 U.S. Dollars; (2) appellant's testimony that she received a statement in March of 2002 reflecting a value of approximately $17,000.00 U.S. Dollars for the account; and (3) appellant's testimony that, at the time of trial, based on her recollection of the stock values of which she was "not a hundred percent sure," the account would be "if I'm lucky $4,000.00."

Also, the trial judge attempted to clarify his understanding of the values appellant presented at trial in the documentary evidence and the testimony in the following dialogue:

COURT: Okay, the 401(k) Nortel, 401(k) retirement is, according to the document—

APPELLANT: December of '98.

COURT: $28,157, and that's U.S. [sic], right?

APPELLANT'S COUNSEL: Yes, sir.

Appellant did not object to or contest the trial court's valuation of her pension plan at $28,157.00 U.S. Dollars, but rather acquiesced in the valuation.

We conclude that appellant's testimony regarding the possible values for her Nortel Networks long term investment account was conflicting, even speculative, while the documentary evidence she offered into evidence clearly shows the value of the account at $28,157.00. The trial court, as the trier of fact, is the exclusive judge of the credibility of the witnesses and the weight to be given to their testimony. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex.1986). *See also Selectouch Corp. v. Perfect Starch, Inc.*, 111 S.W.3d 830, 838 (Tex.App.-Dallas 2003, no pet.); *Robert L. Crill, Inc. v. Bond*, 76 S.W.3d 411, 417 (Tex.App.-Dallas 2001, no pet.). When presented with conflicting evidence, the fact finder may believe one witness over another, or resolve any inconsistencies in a witness' testimony. *McGalliard*, 722 S.W.2d at 697. *See also Selectouch Corp.*, 111 S.W.3d at 838; *Robert L. Crill, Inc.*, 76 S.W.3d at 417.

Appellant cannot complain on appeal that the trial court erred by valuing her pension plan and long term investment account in amounts identical to the amounts indicated in the uncontested documentary evidence of their value that she offered into evidence. Also, assuming that the term "commuted value" is ambiguous, appellant may not invite error by offering documentation of the pension plan's "commuted value" as her sole evidence of its value, and then complain on appeal that the trial court erred in its valuation of the pension plan because the term "commuted value" is unclear.

We conclude that the trial court's valuation of appellant's pension plan at

$203,000.00 U.S. Dollars and her long term investment account at $28,157.00 U.S. Dollars are values supported by appellant's evidence and were the values appellant requested at trial. Appellant may not challenge the trial court's valuation of those accounts, which was based upon the evidence that she offered. The trial court did not abuse its discretion.

The fifth, sixth, seventh, eighth, and ninth issues on appeal are decided against appellant.

### C. Division of the Estate

In her tenth issue on appeal, appellant argues that the trial court abused its discretion in its division of the parties' community property because the trial court did not make a "just and right" division of that community property.

### 1. Applicable Law

■■■■■■■ In a divorce decree, a trial court is required to order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage. TEX. FAM.CODE ANN. § 7.001. The percentage of the community estate a trial court chooses to award each party in a divorce is not a fact issue. Rather, it is a legal conclusion that the trial court reaches based upon the facts presented at trial. *Limbaugh v. Limbaugh*, 71 S.W.3d 1, 11 (Tex.App.-Waco 2002, no pet.). In exercising its discretion, a trial court may consider many factors when dividing the marital estate, including: the fault of the parties, if pleaded; the disparity of incomes or earning capacities; the spouses' capacities or abili-

ties; the benefits that the party not at fault would have derived from the continuation of the marriage; any business opportunities; the education of the parties; the relative physical conditions of the parties; the relative financial condition and obligations of the parties; the disparity of ages between the parties; the size of the parties' separate estates; and the nature of the property. *Twyman v. Twyman*, 855 S.W.2d 619, 625 (Tex.1993)(plurality opinion); *Murff v. Murff*, 615 S.W.2d 696, 699 (Tex.1981). *See also Toles v. Toles*, 45 S.W.3d 252, 264 (Tex.App.-Dallas 2001, pet. denied). Equality in the division of the marital property is not required. *Toles*, 45 S.W.3d at 264.

### 2. Application of the Law to the Facts

■■■■ The trial court awarded appellant more than half of the marital estate.[4] Now, appellant claims that the trial court's division of the marital property was not "just and right." Appellant argues that she should have received a greater portion of the marital estate for several reasons: (1) Latif Naguib is at fault for the break up of the marriage because of the abuse she alleges he directed toward A.K.N. and because he left her and A.K.N. and returned to Canada; (2) she would have been in a better financial position if he had not left her and had instead remained in the United States to work; (3) the disparity between her earning capacity and Latif Naguib's; (4) his health issues; (5) his past delinquency in the payment of temporary child support; (6) his current and future disability insurance payments; and (7) his alleged concealment and waste of community assets. However, appellant

---

4. Although the parties differ in their calculations of the percentage they received in the trial court's division of the community estate, appellant argues that she received fifty-seven percent and Latif Naguib argues that she re-

ceived fifty-three percent, our review of the record convinces us that these differences are not material as the correct percentage can be calculated.

does not demonstrate how the trial court's division awarding her more than half of the marital estate was unfair. Rather, appellant argues that she is not satisfied with her portion of the marital estate. We conclude that appellant has not demonstrated that the trial court abused its discretion when dividing the marital estate and that no re-division of the parties' community estate is required.

The tenth issue on appeal is decided against appellant.

## V. CONCLUSION

The trial court did not abuse its discretion in appointing the parties joint managing conservators, denying appellant's motion to reconsider requesting to present additional evidence after the trial, or in awarding Latif Naguib unsupervised possession of A.K.N. There was sufficient evidence before the trial court to support its finding that appellant's Nortel Networks pension plan was valued at $203,566.00 and that her Nortel Networks long term investment plan was valued at $28,000.00. Also, the trial court did not abuse its discretion in valuing appellant's pension plan at $203,566.00 based upon the "commuted value" or her long term investment plan at $28,000.00. Finally, the trial court did not abuse its discretion when dividing the parties' community property.

The trial court's Final Decree of Divorce is affirmed.