NO. 07-05-0145-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



SEPTEMBER 12, 2006


______________________________



In the Matter of the Marriage of LJILJANA MALENICA


and RAJKO RAY MALENICA


_________________________________



FROM THE 310TH DISTRICT COURT OF HARRIS COUNTY;



NO. 2004-24053; HON. LISA A. MILLARD, PRESIDING


_______________________________ 



Memorandum Opinion


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Rajko Ray Malenica (Ray) appeals from a divorce decree dissolving his marriage
to Ljiljana Malenica (Lily). We affirm the judgment of the trial court. 

 Issue One - Ineffective Assistance of Counsel

 In his first issue, Ray contends that he was denied his right to effective assistance
of counsel "guaranteed by the Sixteenth Amendment to the United States Constitution . .
. and by article 1[,] Section 10 of the Texas Constitution." We overrule the issue for the
following reasons.

 First, the Sixteenth Amendment to the United States Constitution grants Congress
the power to levy taxes. It says nothing about granting litigants a right to counsel. And, 
assuming appellant and his appellate counsel meant to refer to the Sixth Amendment of
that same document, a simple reading of the amendment reveals that the rights granted
therein are afforded those involved in "criminal prosecutions." U.S. Const. amend. VI. A
divorce is not a criminal prosecution.

 Second, §10 of article one of the Texas Constitution does state that one has the
right of being heard by counsel. Yet, like the Sixth Amendment, that right extends to those
involved in "criminal prosecutions." Tex. Const. art. I, §10. Again, a divorce is not a
criminal prosecution.

 Issue 2 - Waste of Community Assets

 Via his second issue, Ray argues that Lily fraudulently induced the trial court to
divide the community assets in the manner it did. The fraud purportedly consisted of 1)
using "old dates" on account balances listed on the inventory and the first amended
inventory submitted by Lily, 2) "indicating" that she did not have access to community funds
during the trial even though several joint accounts appeared on the first amended
inventory, and 3) testimony that Lily was unable to receive medical treatment in 2004 even
though Ray provided same until 2005. We overrule the issue.

 As to the matter of "old dates," Ray fails to cite us to any evidence of record
illustrating that the values assigned to the assets differed from their value at the time of
trial. While the dates may be old, it matters little if the assets in question retained the same
value, and Ray has not shown otherwise. Moreover, the "old dates" were disclosed to the
trial court; so, we cannot see how that constituted fraud.

 As to the allegation about Lily's misrepresentation concerning access to community
funds, Ray cites us to nothing of record illustrating that the statement was made. Nor have
we found any such testimony. 

 As to the matter of having no medical insurance during 2004, the record reference
provided by Ray contains no such testimony. Instead, Lily testified that she did not have
insurance as of the date of trial (i.e. February 17, 2005) because it had been cancelled. 
Thus, this contention is similarly unsubstantiated. 

 Issue 3 - Division of Marital Estate

 Lastly, Ray complains that the trial court abused its discretion in awarding Lily a
disproportionate share of the marital estate because insufficient grounds existed to justify
the division. We overrule the issue.

 No one disputes that Lily was awarded a disproportionate share of the estate. 
However, the division need not be equal, only equitable. Zeptner v. Zeptner, 111 S.W.3d
727, 740 (Tex. App.-Fort Worth 2003, no pet.). Furthermore, an equitable, though
unequal, division may be justified by such things as 1) a disparity in the education and
ages of the spouses, 2) a disparity in their respective earning power, 3) a disparity in the
business and employment opportunities available to them, 4) their physical health, 5) their
probable future need for support, 6) the size of their separate estates, 7) their relative fault
for the dissolution of the marriage, and 8) the benefits that the innocent spouse would have
derived had the marriage continued. Murff v. Murff, 615 S.W.2d 696, 699 (Tex. 1981);
Massey v. Massey, 807 S.W.2d 391, 398 (Tex. App.-Houston [1st Dist.] 1991, writ denied). 
So too may a party's dishonesty or fraud viz the handling of the community estate serve
to justify an unequal distribution. Schlueter v. Schlueter, 975 S.W.2d 584, 588 (Tex. 1998).

 The record before us contains evidence showing that the parties had been married
for 38 years. Ray was a retired professional engineer who continued to do consulting work
while Lily was a licensed court interpreter and medical interpreter who received one or two
assignments a week for a couple of hours each. Furthermore, Ray conceded that Lily had
"basically stayed home" during the marriage. So too did the record establish that Ray
physically abused and assaulted Lily during the marriage. This fact was implicitly
memorialized within the trial court's decision to dissolve the marriage "on the ground of
cruelty . . . ." Additionally, Ray also withdrew money from accounts after being ordered not
to do so by the trial court and removed Lily's name from at least one of the accounts. (1) 

 While Ray testified that Lily had listed non-existent accounts on the inventory and 
also argued that she had failed to include one bank account and a Volvo, the resolution of
these conflicting matters lay within the province of the factfinder (i.e. the trial court at bar). 
 Naguib v. Naguib, 137 S.W.3d 367, 377 (Tex. App.-Dallas 2004, pet. denied). And, since
no findings of fact and conclusions of law were requested, its decision must be upheld on
any legal theory finding support in the record. Worford v. Stamper, 801 S.W.2d 108, 109
(Tex. 1990). So, absent any findings that Lily committed fraud upon the estate, there is
evidentiary support for an uneven division of the estate based upon the disparity in the
earning capacity of the parties, Ray's violation of court orders, the physical abuse suffered
by Lily requiring medical treatment, and Lily's lack of medical insurance due to Ray's
cancellation of the policy. In other words, we find no abuse of discretion here. 

 The judgment of the trial court is affirmed.


 Brian Quinn 

 Chief Justice 
1. The trial court noted at the end of the trial that Ray had disregarded "every order this Court has
issued."