NO. 07-05-0145-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 12, 2006
_____

In the Matter of the Marriage of LJILJANA MALENICA
and RAJKO RAY MALENICA
_____

FROM THE 310TH DISTRICT COURT OF HARRIS COUNTY;

NO. 2004-24053; HON. LISA A. MILLARD, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Rajko Ray Malenica (Ray) appeals from a divorce decree dissolving his marriage to Ljiljana Malenica (Lily). We affirm the judgment of the trial court.

### Issue One – Ineffective Assistance of Counsel

In his first issue, Ray contends that he was denied his right to effective assistance of counsel "guaranteed by the Sixteenth Amendment to the United States Constitution . . . and by article 1[,] Section 10 of the Texas Constitution." We overrule the issue for the following reasons.

First, the Sixteenth Amendment to the United States Constitution grants Congress the power to levy taxes. It says nothing about granting litigants a right to counsel. And, assuming appellant and his appellate counsel meant to refer to the Sixth Amendment of

that same document, a simple reading of the amendment reveals that the rights granted therein are afforded those involved in "criminal prosecutions." U.S. CONST. amend. VI. A divorce is not a criminal prosecution.

Second, §10 of article one of the Texas Constitution does state that one has the right of being heard by counsel. Yet, like the Sixth Amendment, that right extends to those involved in "criminal prosecutions." TEX. CONST. art. I, §10. Again, a divorce is not a criminal prosecution.

### Issue 2 - Waste of Community Assets

Via his second issue, Ray argues that Lily fraudulently induced the trial court to divide the community assets in the manner it did. The fraud purportedly consisted of 1) using "old dates" on account balances listed on the inventory and the first amended inventory submitted by Lily, 2) "indicating" that she did not have access to community funds during the trial even though several joint accounts appeared on the first amended inventory, and 3) testimony that Lily was unable to receive medical treatment in 2004 even though Ray provided same until 2005. We overrule the issue.

As to the matter of "old dates," Ray fails to cite us to any evidence of record illustrating that the values assigned to the assets differed from their value at the time of trial. While the dates may be old, it matters little if the assets in question retained the same value, and Ray has not shown otherwise. Moreover, the "old dates" were disclosed to the trial court; so, we cannot see how that constituted fraud.

As to the allegation about Lily's misrepresentation concerning access to community funds, Ray cites us to nothing of record illustrating that the statement was made. Nor have we found any such testimony.

2

As to the matter of having no medical insurance during 2004, the record reference provided by Ray contains no such testimony. Instead, Lily testified that she did not have insurance as of the date of trial (*i.e.* February 17, 2005) because it had been cancelled. Thus, this contention is similarly unsubstantiated.

### Issue 3 - Division of Marital Estate

Lastly, Ray complains that the trial court abused its discretion in awarding Lily a disproportionate share of the marital estate because insufficient grounds existed to justify the division. We overrule the issue.

No one disputes that Lily was awarded a disproportionate share of the estate. However, the division need not be equal, only equitable. *Zeptner v. Zeptner,* 111 S.W.3d 727, 740 (Tex. App.–Fort Worth 2003, no pet.). Furthermore, an equitable, though unequal, division may be justified by such things as 1) a disparity in the education and ages of the spouses, 2) a disparity in their respective earning power, 3) a disparity in the business and employment opportunities available to them, 4) their physical health, 5) their probable future need for support, 6) the size of their separate estates, 7) their relative fault for the dissolution of the marriage, and 8) the benefits that the innocent spouse would have derived had the marriage continued. *Murff v. Murff,* 615 S.W.2d 696, 699 (Tex. 1981); *Massey v. Massey,* 807 S.W.2d 391, 398 (Tex. App.–Houston [1st Dist.] 1991, writ denied). So too may a party's dishonesty or fraud *viz* the handling of the community estate serve to justify an unequal distribution. *Schlueter v. Schlueter,* 975 S.W.2d 584, 588 (Tex. 1998).

The record before us contains evidence showing that the parties had been married for 38 years. Ray was a retired professional engineer who continued to do consulting work

3

while Lily was a licensed court interpreter and medical interpreter who received one or two assignments a week for a couple of hours each. Furthermore, Ray conceded that Lily had "basically stayed home" during the marriage. So too did the record establish that Ray physically abused and assaulted Lily during the marriage. This fact was implicitly memorialized within the trial court's decision to dissolve the marriage "on the ground of cruelty . . . ." Additionally, Ray also withdrew money from accounts after being ordered not to do so by the trial court and removed Lily's name from at least one of the accounts.[1]

While Ray testified that Lily had listed non-existent accounts on the inventory and also argued that she had failed to include one bank account and a Volvo, the resolution of these conflicting matters lay within the province of the factfinder (*i.e.* the trial court at bar). *Naguib v. Naguib,* 137 S.W.3d 367, 377 (Tex. App.–Dallas 2004, pet. denied). And, since no findings of fact and conclusions of law were requested, its decision must be upheld on any legal theory finding support in the record. *Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex. 1990). So, absent any findings that Lily committed fraud upon the estate, there is evidentiary support for an uneven division of the estate based upon the disparity in the earning capacity of the parties, Ray's violation of court orders, the physical abuse suffered by Lily requiring medical treatment, and Lily's lack of medical insurance due to Ray's cancellation of the policy. In other words, we find no abuse of discretion here.

The judgment of the trial court is affirmed.


Brian Quinn
Chief Justice

---

[1]The trial court noted at the end of the trial that Ray had disregarded "every order this Court has issued."