In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-520 CV


____________________



JUDY F. SANDIFER, Appellant



V.



MARQUIS L. SANDIFER, Appellee






On Appeal from the 279th District Court


Jefferson County, Texas


Trial Cause No. F-194,098






 MEMORANDUM OPINION 


 In a single issue on appeal, Judy F. Sandifer contends that the trial court abused its
discretion by not allowing her to present her case in a divorce action against her husband,
Marquis L. Sandifer. We disagree and affirm the judgment of the trial court.

Background

 Marquis filed for a divorce from Judy in March 2005. The parties tried the case
before the Court on August 10, 2006. Marquis's counsel called one non-party witness, next
presented Marquis, and then called Judy to the stand. Judy's counsel cross-examined both
Marquis and his witness, but before she began cross-examining Judy, the Court took a recess
and called counsel into his chambers. Following the recess, the Court asked if either party
had "anything else before the Court rule[d]." Judy's counsel responded, "Nothing from
respondent, Your Honor." The Court then announced its oral judgment, where, besides
confirming the parties' separate property, the Court ordered Marquis to pay Judy monthly
spousal support until her 62nd birthday and awarded Marquis the truck and his two
retirement accounts. The Court awarded Judy the homestead but ordered her to pay Marquis
$10,000, to be secured by an equitable lien on the property. Afterwards, the Court again
asked, "[I]s there anything else the Court needs to address?" Judy's counsel raised no issues. 
The Court then set a hearing date to enter the final judgment. 

 Subsequently, on August 30, 2006, the Court held a hearing to enter the final written
divorce decree. At the beginning of the hearing, Judy's counsel requested that the court
reopen the evidence, and stated:

 I did not have the opportunity to cross-examine my client, nor
put on my case. The Court indicated it had enough information
to rule at that time. My client has since reconsidered and would
like to put the rest of her testimony and her case in chief on the
record and believes that it would potentially affect the ruling of
the Court that she is not happy with. 


Then, the Court asked if Judy's counsel could specify the evidence she intended to offer. 
Judy's attorney responded that her evidence would address (1) whether Marquis was at fault
in the breakup of the marriage so the court could disproportionately divide the marital estate
in a manner sufficient to allow Judy to have the house without paying Marquis $10,000; (2)
the values of some items of the marital estate that would result in a different division of the
estate; (3) whether Judy's spousal support should continue until remarriage, death, or
Marquis's showing that the payments were no longer warranted; and (4) whether an equitable
lien should be placed on the house. 

 The Court stated that it "still [did not] believe that there is any need for rehearing.
[The Court] heard the evidence that was necessary for [it] to decide the distribution." Judy's
attorney failed to offer, with specificity, the substance of the evidence she desired to
introduce. See In re N.R.C., 94 S.W.3d 799, 806 (Tex. App.-Houston [14th Dist.] 2002, pet.
denied) (The nature of the evidence must be "specific enough so that the reviewing court can
determine its admissibility[,]" and the offer of proof must not be mere comments on reasons
for the evidence.). 

 The trial court entered Findings of Fact and Conclusions of Law. Judy filed a motion
for new trial, which was denied by operation of law. Judy then filed her notice of appeal. 



Analysis

 On appeal, Judy asserts the trial court erred by not permitting her to present her case. 
However, the record reflects that before the trial court announced its decision, the trial court
asked whether either party had anything else before it ruled. At that point, Judy stated,
"Nothing from respondent," and rested her case. Therefore, we find no merit in her argument
that the trial court refused to allow her to present her case at trial.

 Based on her appellate brief, it appears that Judy's actual complaint concerns the trial
court's refusal of her request to reopen the evidence. A trial court has the discretion to allow
a party to reopen the evidence. See Word of Faith World Outreach Ctr. Church, Inc. v.
Oechsner, 669 S.W.2d 364, 366 (Tex. App.-Dallas 1984, no writ); see also Naguib v.
Naguib, 137 S.W.3d 367, 372 (Tex. App.-Dallas 2004, pet. denied); Lopez v. Lopez, 55
S.W.3d 194, 201 (Tex. App.-Corpus Christi 2001, no pet.). Absent a clear abuse of
discretion, a reviewing court should not disturb a trial court's refusal to reopen a case for the
purpose of admitting additional evidence. See Word of Faith, 669 S.W.2d at 366; see also
Naguib, 137 S.W.3d at 372; Lopez, 55 S.W.3d at 201. 

 Texas Rule of Civil Procedure 270 provides that a trial court may permit additional
evidence to be offered at any time in a non-jury case, when it clearly appears to be necessary
to the administration of justice. Tex. R. Civ. P. 270. Rule 270 allows, but does not require,
a trial court to permit additional evidence. Hernandez v. Lautensack, 201 S.W.3d 771, 779
(Tex. App.-Fort Worth 2006, pet. denied); Naguib, 137 S.W.3d at 373; Lopez, 55 S.W.3d
at 201. In determining whether to permit additional evidence, the trial court considers
whether (1) the moving party showed due diligence in obtaining the evidence, (2) the
proffered evidence is decisive, (3) reception of such evidence will cause undue delay, and
(4) the granting of the motion will cause injustice. Naguib, 137 S.W.3d at 373; Lopez, 55
S.W.3d at 201; see also Word of Faith, 669 S.W.2d at 367. "[A] trial court does not abuse
its discretion by refusing to reopen a case after evidence is closed if the party seeking to
reopen has not shown diligence in attempting to produce the evidence in a timely fashion." 
Lopez, 55 S.W.3d at 201 (citing Estrello v. Elboar, 965 S.W.2d 754, 759 (Tex. App.-Fort
Worth 1998, no pet.)); see also Hernandez, 201 S.W.3d at 779.

 Judy did not show that she used due diligence to obtain evidence in the areas in which
she desired to offer additional testimony. At the beginning of the trial, Judy stated that she
did not anticipate calling any witnesses other than the parties. Judy failed to show that the
evidence she wanted to offer was unavailable to her at the time of trial. See Naguib, 137
S.W.3d at 373; Lopez, 55 S.W.3d at 201. The trial court could reasonably conclude, on this
record, that Judy's desire to offer additional evidence was related to the trial court's oral
pronouncement of its intended ruling. Under these circumstances, "the interests of justice
do not warrant a second bite at the apple." Estrello, 965 S.W.2d at 759. 

 Additionally, Judy fails to show that her anticipated evidence would have been
decisive. Judy provides generalized conclusive statements regarding the content of her
additional evidence. The record provides no specifics about the names or qualifications of
Judy's witnesses or the values they would have assigned to specific items of the estate. Thus,
there is no evidence that shows that Judy's proffered evidence would have been decisive on
any issue. See Word of Faith, 669 S.W.2d at 367. 

 We conclude that the trial court did not abuse its discretion by denying Judy's motion
to reopen the evidence. Accordingly, we overrule her sole issue.

 AFFIRMED. 

 

 ___________________________

 HOLLIS HORTON

 Justice


Submitted on August 23, 2007

Opinion Delivered October 11, 2007

Before Gaultney, Kreger, and Horton, JJ.