Opinion filed May 14, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed May 14, 2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                  ___________

 

                                                          No. 11-07-00255-CV 

                                           __________

 

                              IN THE INTEREST OF B.R.P., A CHILD

 



 

                                         On
Appeal from the 326th District Court

 

                                                          Taylor
County, Texas

 

                                                  Trial
Court Cause No. 37992-C

 



 

                                             M E M O R A
N D U M   O P I N I O N

 

This
is an appeal from the trial court=s
order on the conservatorship of B.R.P.  The trial court entered its final
decree of divorce for Tracey Jean Perkins and Ronald Edward Perkins on May 14,
2007.  The trial court appointed Tracey and Ronald joint managing conservators
of B.R.P. and awarded Ronald the right to designate the child=s primary residence.  We
affirm.  








In
her sole issue on appeal, Tracey argues that the trial court abused its
discretion in appointing Ronald as a joint managing conservator. The trial
court=s determination
of conservatorship is reviewed for abuse of discretion.  Naguib v. Naguib,
137 S.W.3d 367, 370 (Tex. App.CDallas
2004, pet. denied).  A court abuses its discretion when it acts without
reference to any guiding rules or principles.   Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241‑42 (Tex. 1985).  A trial court=s determination of the best
interest of the child will only be reversed upon a determination of an abuse of
discretion because the trial court is in the best situation to observe the
demeanor and personalities of the witnesses.  Naguib, 137 S.W.3d at 371.

The
Texas Family Code establishes a rebuttable presumption that the appointment of
the parents of a child as joint managing conservators is in the best interest
of the child.  Tex. Fam. Code Ann.
' 153.131(b) (Vernon 2008). 
However, Tex. Fam. Code Ann. ' 153.004 (Vernon 2008)
provides:

(a)
In determining whether to appoint a party as a sole or joint managing
conservator, the court shall consider evidence of the intentional use of abusive
physical force by a party against the party=s
spouse, a parent of the child, or any person younger than 18 years of age
committed within a two‑year period preceding the filing of the suit or
during the pendency of the suit.  

 

(b)
The court may not appoint joint managing conservators if credible evidence is
presented of a history or pattern of past or present child neglect, or physical
or sexual abuse by one parent directed against the other parent, a spouse, or a
child.... It is a rebuttable presumption that the appointment of a parent as
the sole managing conservator of a child or as the conservator who has the
exclusive right to determine the primary residence of a child is not in the
best interest of the child if credible evidence is presented of a history or
pattern of past or present child neglect, or physical or sexual abuse by that
parent directed against the other parent, a spouse, or a child.

 

 Tracey argues
that there was credible evidence of Ronald=s
acts of family violence within the two years preceding the filing of the suit.

Ronald
and Tracey were married in October 1992.  Tracey had two sons, Steven and
Chris, from previous relationships.  B.R.P. was born June 3, 1997.  Tracey
testified that Ronald can be physically and verbally abusive.   She testified
that, on one occasion, he knocked her son, Steven, to the ground.  However, Steven
was twenty years old at the time.  Tracey further testified that Ronald Abackhanded@ Chris for not picking up
his clothes.   Tracey stated that Ronald jerked B.R.P. by her arm when B.R.P.
would not pick up her toys.  She also stated that Ronald had B.R.P. stand in
the corner for punishment and that B.R.P. started crying.  Ronald took off his
belt and hit the filing cabinet with the belt, telling B.R.P. that he would Agive [her] a reason to cry.@   








Chris
testified that he had lived with Ronald for thirteen or fourteen years.  Chris
stated that Ronald had been physically aggressive with him at times and had
backhanded him and cussed at him.  Chris said that Ronald did not use profane
language with B.R.P.  Chris acknowledged that Ronald did not Apick on him@ without reason but
disciplined him as a father.   

Ronald
testified and acknowledged physical discipline of the children.  Ronald stated
that both he and Tracey spanked the children with a wooden paddle.  Ronald
admitted losing his temper with Chris and slapping Chris in the face.  Ronald
further admitted spanking Steven with a spark plug wire and backhanding Steven.


Steven
testified at trial that Tracey usually worked nights and that Ronald took care
of him, his brother, and B.R.P.  Steven stated that B.R.P. should live with
Ronald in the Abilene area.  Danielle Star had known Ronald and Tracey for
twelve years.  Danielle testified that Ronald was a good father to all three
children.  Danielle further testified that the children were well-behaved and
treated Ronald with respect.  Danielle stated that it would be best for B.R.P.
to live with Ronald. Julie Brisco, Tracey=s
friend, also testified that it would be best for B.R.P. to live with Ronald. 

If
credible evidence is presented of a history or pattern of past or present
physical abuse by one parent directed against the other parent or a child, the
trial court may not appoint joint managing conservators.  Section 153.004(b).  
Family violence is an act that is intended to result in physical harm, bodily
injury, assault, or sexual assault or that is a threat that reasonably places
the family member in fear of imminent physical harm, bodily injury, assault, or
sexual assault but does not include defensive measures to protect oneself.  Tex. Fam. Code Ann.  ' 71.004(1) (Vernon 2008). 
Family violence is also abuse by a member of a family toward a child of the
family.  Tex. Fam. Code Ann. ' 71.004(2) (Vernon 2008). 
Abuse is defined as mental or emotional injury to a child that results in
observable and material impairment in the child=s
growth, development, or psychological functioning or physical injury that
results in substantial harm to the child, excluding reasonable discipline by a
parent that does not expose the child to a substantial risk of harm.  Tex.  Fam. Code Ann. ' 261.001(1)(A), (C) 
(Vernon 2008); Stucki v. Stucki, 222 S.W.3d 116, 123 (Tex. App.CTyler 2006, no pet.).  








Ronald
acknowledged spanking Steven with a spark plug wire; however, the record does
not indicate that that incident occurred within two years from the filing of
the suit.  Moreover, Steven did not testify that Ronald abused him or any of
the children.  See Stucki, 222 S.W.3d at 124.  Ronald further
acknowledged losing his temper with Chris and slapping Chris in the face. There
was testimony that Chris had a red mark on his face for two days, but Ronald
does not recall leaving a mark on Chris.  There was conflicting evidence on
whether Chris suffered a physical injury, and the evidence does not show that
the slap resulted in substantial harm to Chris. Id.  The record shows
that Tracey left Chris with Ronald when she moved to Las Vegas, Nevada,
indicating that she did not fear for his safety while living with Ronald.  See
Hinkle v. Hinkle, 223 S.W.3d 773, 782 (Tex. App.CDallas 2007, no pet.).  

There
is no evidence that Ronald abused B.R.P. or that B.R.P. suffered any physical
injury resulting in substantial harm.  Stucki, 222 S.W.3d at 124. 
Again, Tracey left B.R.P. in Ronald=s
care when she worked in Fort Worth, and she allowed B.R.P. to live with Ronald
while she moved to Las Vegas.  See Hinkle, 223 S.W.3d at 782.  The
record shows that Ronald used physical force in disciplining the children, but
the record does not support a finding of a history or pattern of physical
abuse.  The record shows that Ronald hit Tracey on one occasion; however, that
was prior to their marriage and does not support a finding of a history or
pattern of abuse under the statute.  There was no protective order rendered
against Ronald during the marriage or during the pendency of the suit.  See
Stucki, 222 S.W.3d at 123.  We cannot conclude from the record before us
that the trial court abused its discretion in appointing Ronald as joint
managing conservator with the right to establish the primary residence of
B.R.P.  Tracey=s sole
issue on appeal is overruled. 

The
judgment of the trial court is affirmed.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

May 14, 2009

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.