David ZETUNE, Appellant,

v.

Elisa Agami JAFIF–ZETUNE, Appellee.

No. 05–88–00857–CV.

Court of Appeals of Texas, Dallas.

July 7, 1989.

Rehearing Denied Aug. 21, 1989.

David Zetune, Dallas, pro se.

Lynn S. Menges, Barbara E. Pusch, Dallas, for appellee.

Before WHITHAM, THOMAS and BURNETT, JJ.

THOMAS, Justice.

Appellant, David Zetune (Husband), acting pro se, brings this appeal as a result of a contested divorce action joined with a suit affecting the parent-child relationship. In

five points of error, Husband complains generally of the granting of the divorce itself, the terms and conditions of his visitation with the children, the amount of the child support and the denial of his motion for continuance. For the reasons given below, we affirm the trial court's judgment.

## FACTUAL BACKGROUND

Husband and Wife are Mexican nationals who participated in a Mexican civil ceremony on April 5, 1975, and were also married in a Jewish religious ceremony on May 18, 1975. They resided in Mexico City until 1982 when the family moved to Dallas, Texas, because of the failing Mexican economy. As a result of difficulties in securing work visas, the family exhausted all savings and had to borrow large sums of money from various family members.

After almost twelve years of marriage, appellee, Elisa Agami Jafif–Zetune (Wife), filed for a divorce. The pleadings reflect that Wife sought a divorce on the basis that the marriage had become insupportable and requested that she be appointed the managing conservator of the three minor children. Wife further asked that the court order Husband to pay child support. Husband filed a counterclaim seeking joint managing conservatorship or, in the alternative, requested the court to appoint him as the sole managing conservator and to order Wife to pay child support.

The parties divided their personal community property and stipulated to the trial court that each would receive the personal property in his or her possession. The parties further entered into an agreement concerning the division of the community debts. After a lengthy non-jury trial, a decree of divorce was entered dissolving the marriage. Wife was named managing conservator and Husband was appointed possessory conservator with specific times of visitation. Husband was also ordered to pay child support.

1. A divorce may be maintained if at the time the suit is filed the petitioner or respondent has been a domicilary of this state for the preceding six-month period and a resident of the county in

## DISSOLUTION OF THE MARRIAGE

In the first point of error, Husband contends that the trial court lacked jurisdiction to enter the divorce decree because it dissolved the religious marriage rather than the civil marriage. Husband's argument is based upon the fact that the date of marriage asserted in Wife's petition is that of the Jewish ceremony.

■ It is uncontroverted that the parties were married. Further, there is no question that the parties had continuously resided in Dallas County since 1982. Therefore, Wife met the residency qualifications set out in section 3.21 of the Texas Family Code.[1] It is well established that a state has the right to alter the marital *status* of a domiciliary within its own borders. *See Williams v. North Carolina,* 317 U.S. 287, 298, 63 S.Ct. 207, 213, 87 L.Ed. 279 (1942). The trial court was not dissolving a ceremony, but rather was dissolving the *legal marital status* between the parties. There is nothing in the record to demonstrate that the trial court was attempting to dissolve or interfere with the *religious* union of these parties.

■ Texas makes no distinction between civil and religious marriages; therefore, it is irrelevant that the trial court found that the parties entered into a Jewish ceremony on a particular date. The *marital relationship* was dissolved by the trial court, not a particular ceremony. The first point is overruled.

## VISITATION RIGHTS

In the second and third points of error, Husband alleges that the terms and conditions of visitation set out in the divorce decree violate his constitutional rights of freedom of religion. The essence of Husband's argument is that by virtue of the times he is allowed visitation, he is prohibited from participating with his children in certain traditional Jewish celebrations.

which the suit is filed for the preceding ninety-day period. TEX.FAM.CODE ANN. § 3.21 (Vernon 1989).

The best interest of the children shall always be the primary consideration of the court in determining questions relating to possession of and access to the children. *See* TEX.FAM.CODE ANN. § 14.07(a) (Vernon 1989). In determining the best interests of the children, the court was required to consider the circumstances of the parents. *See* TEX.FAM.CODE ANN. § 14.07(b). A trial court's judgment in determining best interests will be reversed only when it appears from the record as a whole that the court has abused its discretion. *Vellek v. Vellek*, 709 S.W.2d 760, 762 (Tex.App.—San Antonio 1986, no writ); *Saums v. Saums*, 610 S.W.2d 242, 244 (Tex.Civ.App.—El Paso 1980, writ dism'd). We do not find an abuse of discretion by the trial court.

Husband's constitutional arguments are without merit. The free exercise clause of the first amendment prohibits compulsion by law of the acceptance of any creed or the particular practice of any form of worship. *See Hobbie v. Unemployment Appeals Comm'n of Fla.*, 480 U.S. 136, 107 S.Ct. 1046, 1048–49, 94 L.Ed.2d 190 (1987); *Cantwell v. Connecticut*, 310 U.S. 296, 303, 60 S.Ct. 900, 903, 84 L.Ed. 1213 (1939); U.S. CONST. amend. I. The trial court's decree does not prevent Husband from practicing his religion, it does not compel him to practice a religion, nor does it preclude him from sharing his religion with his children.

The record is replete with testimony concerning the parties' dedication and devotion to their religion. The children are in a private religious school and both parties have been actively involved in their activities. Recognizing Husband's contribution in this area, the decree of divorce provides that Wife has the right to determine the religious training of the children only after consultation with Husband. The Jewish religious holidays are equally alternated between Husband and Wife, as well as other extended periods of possession. In addition, Husband has possession of the children the first and third weekends of each month from Saturday evening until the following Monday and from Saturday evening until Sunday evening on the fourth weekend of each month. As additional visitation, Husband was awarded possession each Tuesday evening with the right to overnight visitation if the children so desire.

During these periods of possession, Husband has the right to instruct his children and familiarize them with Jewish religious beliefs and practices. Therefore, we cannot agree that Husband has been deprived of fundamental religious rights and duties protected by the first amendment. The second and third points are overruled.

## CHILD SUPPORT

In the fourth point of error, Husband argues that the trial court ordered an excessive amount of child support. The trial in this matter was heard during the months of November and December 1987 at which time Husband's income was $50,000 per year. Following the trial of this case, Husband encountered some financial difficulties which lowered his income. At the time of the entry of the decree, the trial court took into consideration the diminished earnings and ordered child support in the amount of $600 per month for six months. Thereafter, Husband was ordered to pay $900 per month for the three children. The decree also provided for automatic reductions to specific amounts in the event that one or more of the children were no longer legally eligible to receive support. As additional child support, Husband was ordered to keep and maintain a major medical and health insurance policy on the children and to pay one-half of all uninsured health care expenses incurred on behalf of the children.

Each parent has the duty to support his or her minor children. *Matter of Marriage of Miller*, 600 S.W.2d 386, 389 (Tex.Civ.App.—Amarillo 1980, no writ). The trial court has broad discretion in setting child support payments, and absent a clear abuse of discretion its order will not be disturbed on appeal. *Carpenter v. White*, 624 S.W.2d 618, 619 (Tex.App.—Houston [14th Dist.] 1981, no writ). In examining an award of child support, we

must indulge every reasonable presumption, consistent with the record, in favor of such judgment. *Friedman v. Friedman,* 521 S.W.2d 111, 114 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ).

 Based upon our review of the record on appeal, the trial court did not abuse its discretion in determining the amount of child support. In fact, the record demonstrates that the trial court set the payments in accordance with Husband's reasonable earning capacity. We overrule point four.

### MOTION FOR CONTINUANCE

 In the last point of error, Husband contends that the trial court erred in overruling his motion for continuance. We disagree. The granting or denial of a motion for continuance rests within the sound discretion of the trial court. Further, the trial court's denial of a motion for continuance will not be disturbed unless the record discloses a clear abuse of discretion. *State v. Crank,* 666 S.W.2d 91, 94 (Tex.1984), *cert. denied,* 469 U.S. 833, 105 S.Ct. 124, 83 L.Ed.2d 66.

 Husband asserts that he should have been granted a continuance because his attorneys withdrew the day of the trial. He further contends that the trial court denied him access to certain bank records. Husband had been represented by counsel until the date of the trial, November 19, 1987, at which time both of his attorneys filed motions to withdraw. At that time, Husband did not object to their withdrawal. In fact, he represented to the court that they were withdrawing at his request and with his approval. Thereafter, Husband, acting pro se, requested that the trial court postpone the trial which had been set for some three months. The trial court denied Husband's request. The case proceeded to trial on November 19, 1987, but was not completed until December 16, 1987, because of a number of recesses, some at the request of Husband and some because of the trial court's docket. The statement of facts, consisting of 733 pages, demonstrates that Husband called witnesses on his behalf, cross-examined witnesses, subpoenaed witnesses and introduced voluminous documentary evidence.

The bank records about which Husband complains involved a checking account of Wife's father where Wife was a cosignatory. Husband contended on a number of occasions that community funds were commingled into the account. Husband offered no evidence of commingling; therefore, the trial court refused to order that the records be produced. Because Husband failed to offer any *evidence* of commingling, the bank records of Wife's father were not relevant to this proceeding. Evidence is relevant only if it tends to establish the truth of a proposition to a material issue. *Trailways Bus System, Inc. v. Hamauei,* 660 S.W.2d 607, 610 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.). We conclude that the trial court did not err in denying the motion for continuance nor did it err in refusing to order production of the bank records. We therefore overrule Husband's final point of error and affirm the trial court's judgment.