Steven Norman JACOBS, Appellant,

v.

Eleanor Butler Jacobs DOBREI,
Appellee.

No. 05–96–01536–CV.

Court of Appeals of Texas,
Dallas.

April 22, 1999.

Bill Boyd, McKinney, for Appellant.

Mark McCraw, McKinney, for Appellee.

Before Chief Justice THOMAS and Justices MALONEY and WHITTINGTON.

# OPINION

Opinion by Justice MALONEY.

Eleanor Butler Jacobs Dobrei (Mother) moved to clarify Steven Norman Jacobs's (Father) right to possession of their child during Christmas school vacation. In response, Father moved to be named as a joint managing conservator and elected additional alternative possession times. The trial court granted Mother's motion to clarify and denied Father's motion for joint managing conservatorship and additional alternative possession times. In three points of error, Father contends that the trial court erred in (1) limiting his right of possession of their child during the Christmas school vacation, (2) not naming him as a joint managing conservator, and (3) denying his election to continue weekend visitations until school resumes on Monday mornings. We affirm the trial court's order.

## BACKGROUND

Mother and Father were divorced on March 21, 1988. Mother was named as the managing conservator and Father as a possessory conservator. The trial court signed the order sought to be clarified on May 14, 1990. This order gave Father weekend visitation on the first, third, and fifth Friday of each month, beginning when the school day recesses on Fridays and ending at 6:00 p.m. on Sunday evenings.

Father and Mother have different religious beliefs and observe different religious holidays. The clarified possession order gave Mother possession of their child during the Christmas school vacation and gave Father possession of their child on Rosh Hashanah, Hanukkah, Passover, and Yom Kippur.[1]

## STANDARD OF REVIEW

■ We give wide latitude to a trial court's decision on custody, control, possession, and visitation matters. *Gillespie v. Gillespie,* 644 S.W.2d 449, 451 (Tex. 1982); *Voros v. Turnage,* 856 S.W.2d 759, 760–61 (Tex.App.—Houston [1st Dist.] 1993, writ denied). We reverse the trial court's decision only if it appears from the record as a whole that the trial court abused its discretion. *Id.* A trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to any guiding rules or principles. *Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex. 1990); *Graves v. Graves,* 916 S.W.2d 65, 68–69 (Tex.App.—Houston [1st Dist.] 1996, no writ).

■ When a party does not request findings of fact, we infer that the trial court made all the necessary findings to support its judgment. *Roberson v. Robinson,* 768 S.W.2d 280, 281 (Tex.1989). We review the record to determine whether some evidence supports the judgment. *Worford,* 801 S.W.2d at 109. We consider only the evidence "most favorable to" the trial court's judgment. *Id.* We uphold the trial court's judgment on any legal theory that finds support in the evidence. *Id.; Allen v. Allen,* 717 S.W.2d 311, 313 (Tex. 1986).

### 1. Holidays

In Father's first point of error, he contends the trial court erred in denying him possession of their child during Christmas

---

1. Father has possession for one day for each holiday, except for Passover. At Passover, he has possession for two days. If Hanukkah falls during the Christmas school vacation, Father has possession for the first day of Hanukkah. However, the parties agree that if Christmas and Hanukkah fall on the same day, Mother will have possession of their child.

school vacation. Specifically, he argues that the trial court's division of religious holidays showed preference to Mother's religious views and violated his federal and state constitutional rights.

### a. Applicable Law

The standard possession order for the Christmas school vacation supersedes weekend or Wednesday periods of possession. TEX. FAM.CODE ANN. § 153.314 (Vernon 1996). The family code provides we review standard visitation orders as follows:

> Without regard to Rules 296 through 299, Texas Rules of Civil Procedure, in all cases in which possession of a child by a parent is contested and the possession of the child varies from the standard possession order, on written request made or filed with the court not later than 10 days after the date of the hearing or on oral request made in open court during the hearing, the court shall state in the order the specific reasons for the variance from the standard order.

TEX. FAM.CODE ANN. § 153.258 (Vernon 1996).[2] To deviate from the standard possession order, the trial court must be guided by (1) the age, developmental status, circumstances, needs, and best interest of the child; (2) the circumstances of the managing conservator and of the parent named as possessory conservator; and (3) any other relevant factors. TEX. FAM.CODE ANN. § 153.256 (Vernon 1996). On timely request, a trial court's order must state its specific reason for varying from the standard possession. TEX. FAM.CODE ANN. § 153.258 (Vernon 1996).

**2.** Requiring a trial court to state specific reasons for a variance is functionally equivalent to making findings of fact. Consequently, we determine that the language, "Without regard to Rules 296 through 299," refers to the different amounts of time allowed for requesting findings of fact under Texas Rules of Civil Procedure 296 through 299 and requesting specific reasons for a variance under section

### b. Application of Law to Facts

■ The standard possession order does not provide for two parents who celebrate different religious holidays. Because Father made no written request asking for specific reasons for the trial court's varying from the standard order, we infer that the trial court made all necessary findings to support the judgment.

The original divorce decree divided all holidays equally between the parents. Earlier, Father moved to modify his possession to include Jewish holidays. The trial court modified the original decree to grant Father possession of their child on Jewish holidays. Because (1) the holidays were initially divided equally and (2) Father sought and received the initial deviation from the standard order for his possession of their child on Jewish holidays, we cannot say the trial court acted arbitrarily in awarding Mother possession of their child for Christmas school vacation.

Father refers us to no existing case law, and we have found none, to guide our review on this issue. Our review of the record as a whole reveals evidence that supports the judgment. In dividing the religious holidays, the trial court acted within its discretion to accommodate both parents. Because some evidence supports the deviation from the standard order, the trial court did not abuse its discretion in its possession determination.

### 2. United States and Texas Constitutions

■ The federal and state constitutions prohibit a court from compelling a litigant to accept any particular creed or form of worship. U.S. CONST. amend. I; TEX. CONST. art. I, § 6. Father would have

153.258 of the family code. Rule 296 allows twenty days for the initial request, while section 153.258 allows only ten days. Accordingly, we apply the same standard of review when a party fails to request specific reasons for the variance under section 153.258 as when a party fails to make a request for findings of fact under rules 296 through 299.

this Court determine that the trial court's order violated his constitutionally protected religious freedom. In support of his argument, Father relies on *Alaniz v. Alaniz*, 867 S.W.2d 54 (Tex.App.—El Paso 1993, no writ); *Frantzen v. Frantzen*, 349 S.W.2d 765 (Tex.Civ.App.—San Antonio 1961, no writ); and *Salvaggio v. Barnett*, 248 S.W.2d 244 (Tex.Civ.App.—Galveston, writ ref'd n.r.e.), *cert. denied*, 344 U.S. 879, 73 S.Ct. 176, 97 L.Ed. 681 (1952). Father misplaces his reliance.

Each of these cases addresses custody of a minor child where one parent is a Jehovah's Witness and one is not. *Alaniz*, 867 S.W.2d at 55; *Frantzen*, 349 S.W.2d at 766; *Salvaggio*, 248 S.W.2d at 245–46. Because Jehovah's Witnesses do not believe in blood transfusions, the *Alaniz* and *Frantzen* courts were concerned, in part, with whether a parent's religious practices could harm the children. No similar issue exists in this case. Rather, the single issue raised here is the division of religious holidays between parents with different religious beliefs.[3]

Our research reveals no Texas case directly on point. However, in *Zetune*, this Court addressed whether a custody order prejudiced a father's religious freedoms. *Zetune v. Jafif–Zetune*, 774 S.W.2d 387, 389 (Tex.App.—Dallas 1989, writ denied). The father complained that his visitation periods prevented his participating in Jewish celebrations with his children. *Id.* We held that the complained-of decree neither prevented him from practicing his religion, compelled him to practice another religion, nor precluded him from sharing his religion with his children. *Id.* at 390.

Here, like *Zetune*, Father is actively involved in their child's religious training. Their child currently takes bar mitzvah classes at Father's temple during his visitation periods. The trial court's clarifying order neither prevents Father from practicing his religion, compels him to practice

another religion, precludes him from sharing his religion with his child, nor impairs his right to instruct their child in Jewish religious beliefs and practices. Nothing in this record remotely suggests the trial court had a bias for or against any religion. The trial court did not deprive Father of constitutionally protected religious rights. To the contrary, the trial court deviated from the standard order, at Father's request, to ensure that (1) his religious beliefs were protected and (2) he could teach his religious beliefs to their son. We overrule Father's first point of error.

## JOINT MANAGING CONSERVATORSHIP

In his second point of error, Father complains the trial court erred in not modifying its previous order and naming him a joint managing conservator.

### 1. Applicable Law

To modify an order that designates a sole managing conservator, the court must find a material and substantial change of circumstances has occurred since the order issued. *See* TEX. FAM.CODE ANN. § 156.101(a) (Vernon 1996). On a parent's request, however, the trial court may modify sole managing conservatorship to joint managing conservatorship if the court finds as follows:

(1) the circumstances of the child or the sole managing conservator have materially and substantially changed since the rendition of the order;

(2) retention of a sole managing conservatorship would be detrimental to the welfare of the child; *and*

(3) the appointment of the parent as a joint managing conservator would be a positive improvement for and in the best interest of the child.

248 S.W.2d at 245.

---

3. Jehovah's Witnesses do not celebrate Christmas. *Alaniz*, 867 S.W.2d at 55; *Salvaggio*,

Tex. Fam.Code Ann. § 156.104(a) (Vernon 1996) (emphasis added). The trial court's authority to order joint managing conservatorship creates a material and substantial change of circumstances "if the sole managing conservatorship was ordered in a suit affecting the parent-child relationship in which a final order was rendered on or after September 1, 1987." Tex. Fam. Code Ann. § 156.105(a) (Vernon 1996).

### 2. Application of Law to Facts

■ Because Father did not make a request for findings of fact and conclusions of law, we infer that the trial court made all necessary findings to support the judgment. Consequently, we review the trial court's implied findings to determine whether some evidence supports the·implied findings of fact and the judgment.

Here, the trial court awarded sole managing conservatorship to Mother after September 1, 1987. Therefore, Father has met the first prong for modifying sole managing conservatorship to joint managing conservatorship. *See* Tex. Fam.Code Ann. §§ 156.104(a)(1), 156.105; *Enriquez v. Krueck,* 887 S.W.2d 497, 502 (Tex. App.—San Antonio 1994, no writ).

At trial, Father argued that his appointment as a joint managing conservator would improve their child's school performance. Father also asserted that the child's emotional state would improve. The record shows (1) their child is an A–B student, (2) both parents care for and love their child, (3) Father attends teacher conferences, and (4) Father works with their child on his studies.

Our review of the record as a whole leads us to conclude that the evidence supports the judgment. Accordingly, the trial court did not abuse its discretion. We overrule Father's second point of error.

---

4. The legislature modified section 153.317 effective September 1, 1997. *See* Tex. Fam.Code Ann. § 153.317 historical note (Vernon Supp. 1999). The term "may" in the first sentence

### WEEKEND ELECTION

In Father's third point of error, he complains that the trial court erred when it denied his election for weekend periods of possession. Specifically, father complains the trial court erred in not allowing his possession to begin at the time that their child's school is regularly recessed on the first, third, and fifth Friday of each month and end at the time school resumes. Because father has weekend possession of their child from the time school recesses on Friday, we address father's complaint as if he only complains of the trial court's requiring him to return their child at 6:00 p.m. on Sundays.

### 1. Applicable Law

The code provides in part as follows:

If a child is enrolled in school and the possessory conservator elects before or at the time of the rendition of the original or modification order, the standard order *may* expressly provide that the possessory conservator's period of possession shall begin or end, or both, at a different time expressly set in the standard order under and within the range of alternative times provided by one or both of the following subdivisions:

\* \* \*

(2) . . . instead of a period of possession by a possessory conservator ending at 6 p.m. on the day before school resumes, the period of possession *may* be set in the standard possession order to end at the time school resumes.

Tex. Fam.Code Ann. § 153.317 (Vernon 1996) (emphasis added).[4] The code also provides that the possessory conservator shall surrender the child to the managing conservator at the child's school. Tex.

was replaced by "must." We apply the version in effect at the time the trial court signed the complained-of order—July 31, 1996.

FAM.CODE ANN. § 153.316(4) (Vernon 1996).[5]

### 2. Application of Law to Facts

The trial court's 1990 order allowed Father's weekend possession to begin on Friday when school is recessed. During the trial court's oral pronouncement of judgment, it stated as follows:

> The Court notes that Mr. Jacobs has filed with the Court an election. And I've read the statute that involves that election as to the Wednesday and weekend visitation, and it seems to me there's not much point of having an election if the next thing is the Court can do something different than what's elected.

> With one exception. The Court grants the change of visitation as has been requested as an election of alternative visitation, except the Court determines that it's not in the best interest of this child that this child remain in Mr. Jacobs' possession overnight on Wednesdays, but that weekend visitation may begin on Fridays when school lets out and end on Sunday night at the regular time, because the Court also finds it's not in the best interest of this child to be held overnight and delivered to his school the next day by Mr. Jacobs at the end of his visitation period.

Because the trial court was not requested to recite the specific reasons for the variance from the standard order, we infer that the trial court made all necessary findings to support the judgment. Consequently, we review the record to determine whether some evidence supports the judgment.

The record demonstrates a lingering animosity between the parents. That animosity has the potential of erupting before their child and his classmates.[6] Such a scene could disrupt their child's school day.

Accordingly, we cannot conclude the trial court abused its discretion by requiring Father to return their child to Mother on Sundays at 6:00 p.m. We overrule Father's third point of error.

We affirm the trial court's order.

---

5. The legislature also modified this section effective September 1, 1997. *See* TEX. FAM. CODE ANN. § 153.316(4) historical note (Vernon Supp.1999). This change did not affect the language relevant in this dispute.

6. Father was also argumentative with counsel and the trial judge during the hearing.