In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-274 CV


____________________



ADAM GALAVIZ APODACA, JR., Appellant



V.



NIKKI LYNN APODACA, Appellee






On Appeal from the 279th District Court


Jefferson County, Texas


Trial Cause No. F-194311






 MEMORANDUM OPINION 


 This appeal involves a father's rights to post-divorce possession of his children. The
father contends that the trial court erroneously denied his request for expanded mid-week
visitations with his school-aged children. We affirm.

Background


 In 2005, appellant Adam Galaviz Apodaca, Jr. (Adam) and appellee Nikki Lynn
Apodaca (Nikki) both sued for divorce. The Apodacas have three children; two of the
children are enrolled in school and the third is a pre-schooler. The divorce decree provides
that Adam and Nikki are joint managing conservators and that Nikki has the right to establish
the children's primary residence.

 After mediation, Adam and Nikki agreed to all of the decree's possession terms,
except one. They could not agree on when Adam would return the two school-aged children
from his mid-week visitations (the second and fourth Thursday nights) when Friday falls on
a holiday. When Fridays are school holidays, Adam wants to keep the children until school
resumes on Monday. At the mediation, Adam and Nikki agreed to allow the trial court to
"clarify" this issue. (1) According to Adam, possession during two weekends a year is at issue
in this dispute. 

 After a hearing, the court ordered that Adam have the children on the second and
fourth Thursday evenings and return them on Friday holidays at the time school would
normally start on non-holiday Fridays. The court instructed Adam's attorney to prepare the
decree. (2)
 

 On appeal, Adam's sole issue contends that the trial court erred as a matter of law by
interpreting Family Code section 153.312 "to reduce the amount of time that [he] should
have possession of his children absent a finding that such reduction in time would be in the
best interest of the children." Adam does not assert any legal or factual sufficiency issues. Section 153.312 establishes the standard possession order's terms for parents who
reside within 100 miles of their children. Tex. Fam. Code Ann. § 153.312 (Vernon Supp.
2006). Section 153.312 (a)(2) addresses Adam's issue as follows: 


 (2) on Thursdays of each week during the regular school term
beginning at 6 p.m. and ending at 8 p.m., or, at the possessory
conservator's election made before or at the time of the
rendition of the original or modification order, and as specified
in the original or modification order, beginning at the time the
child's school is regularly dismissed and ending at the time the
child's school resumes, unless the court finds that visitation
under this subdivision is not in the best interest of the child.


Id. § 153.312 (a)(2) (emphasis added).

 To support his argument that the trial court erroneously interpreted the statute, Adam
directs us to comments made by the trial court at the hearing's conclusion. The trial court
stated:

 If it is not the petitioner's weekend, he'll have them
Thursday night until the time school would normally start on
Friday[.] 


 I don't believe that the Code was intended to give that
person -- whoever it is -- an additional weekend visitation; and
I do feel like it's more in line with 153.315, which will control,
which specifically says, we're talking about weekend visitations
here; okay? So, if you guys want to do an agreement that he can
have the Friday, because you got an extra day up for grabs
there? That's fine. But the Order of the Court is Thursday night
until school starts on Friday morning. (3)
 



While Adam contends the trial court erred in denying the possession he sought, he did not

request that the court state specific reasons for its decision. See Tex. Fam. Code Ann. §
153.258 (Vernon 2002). (4)
 

Standard of Review


 "Requiring a court to state specific reasons for variance is functionally equivalent to
making findings of fact. Accordingly, we apply the same standard of review when a party
fails to request specific reasons for the variance under section 153.258 as when a party fails
to make a request for findings of fact under Texas Rules of Civil Procedure 296 through 
299." In re T.J.S., 71 S.W.3d 452, 458-59 (Tex. App.-Waco 2002, pet. denied) (citing
Jacobs v. Dobrei, 991 S.W.2d 462, 464 n.2 (Tex. App.-Dallas 1999, no pet.)). 

 When a party does not request findings of fact or conclusions of law, we presume the
trial court made all of the findings necessary to support its judgment. Holt Atherton Indus.,
Inc. v. Heine, 835 S.W.2d 80, 83 (Tex. 1992); Roberson v. Robinson, 768 S.W.2d 280, 281
(Tex. 1989). If "the appellate record includes the reporter's and clerk's records, these
implied findings are not conclusive and may be challenged for legal and factual sufficiency
in the appropriate appellate court." BMC Software Belgium, N.V. v. Marchand, 83 S.W.3d
789, 795 (Tex. 2002). 

Analysis


 For purposes of this analysis, we assume, but do not decide, that the language of
Family Code section 153.312 allows a conservator expanded visitation as asserted by Adam 
unless the trial court finds such visitation is not in the children's best interest. Adam
contends that when his return of the children falls on a Friday holiday, his visitation should
begin when school is dismissed on Thursday and end when school resumes on Monday.

 In this case, however, Adam did not request that the trial court make specific findings
under section 153.258. See Tex. Fam. Code Ann. § 153.258. Further, we may not consider
the trial court's oral comments as findings of fact or conclusions of law. See In the Interest
of W.E.R., 669 S.W.2d 716, 716 (Tex. 1984); see also In re Doe 10, 78 S.W.3d 338, 340 n.
2 (Tex. 2002). Instead, we must presume the trial court made all of the findings necessary
to support its judgment. See In re T.J.S., 71 S.W.3d at 459; see also Heine, 835 S.W.2d at
83. Because the trial court denied Adam's request for expanded visitation, we presume the
trial court found the visitation would not be in the children's best interest. See Tex. Fam.
Code Ann. § 153.312; Heine, 835 S.W.2d at 83; In re T.J.S., 71 S.W.3d at 459.

 When, as here, the appellate record contains the reporter's and clerk's records, the
appellant may attack any implied findings for legal and factual sufficiency. Heine, 835
S.W.2d at 84 (citing Roberson, 768 S.W.2d at 281 (Tex. 1989)). However, Adam did not
challenge the trial court's implied findings. Absent a challenge, an appellate court may not
consider whether there is legally or factually sufficient evidence to support the trial court's
judgment. See Pat Baker Co. v. Wilson, 971 S.W.2d 447, 450 (Tex. 1998) ("It is axiomatic
that an appellate court cannot reverse a trial court's judgment absent properly assigned
error."). 

 Accordingly, we overrule Adam's sole appellate issue. The trial court's judgment is
affirmed. 

 AFFIRMED.

 ____________________________

 HOLLIS HORTON

 Justice

 


Submitted on February 1, 2007

Opinion Delivered May 10, 2007

Before McKeithen, C.J., Gaultney and Horton, JJ.
1. In pertinent part, the mediation agreement states: 


 Petitioner will pick all three children up at the residence of
Respondent at 4:30 p.m. on the 2nd & 4th Thursday of each month and will
return the two oldest children to their school at the time the children's school
is resumed; however, Petitioner will return [the pre-school-aged child] to the
residence of Respondent on the Friday immediately following the 2nd & 4th
Thursday of each month by 8 a.m. . . . Parties will clarify with court as to
whether the return of children when school resumes means return on Friday
when there is a Friday holiday or return on Monday for 2nd & 4th weekend. 
2. The final divorce decree, in pertinent part, provides: 


 Beginning at 4:30 p.m. on the second and fourth Thursdays of each
month and ending at the time the children's school is scheduled to resume,
except for a Friday holiday following a second or fourth Thursday of the
month, this period of possession shall end at the time school normally
resumes on the Friday holiday, following the second or fourth Thursday.

3. Section 153.315 is entitled "Weekend Possession Extended by Holiday."
Subsection (a) provides: 


 (a) If a weekend period of possession of the possessory conservator
coincides with a school holiday during the regular school term or with a
federal, state, or local holiday during the summer months in which school
is not in session, the weekend possession shall end at 6 p.m. on a Monday
holiday or school holiday or shall begin at 6 p.m. Thursday for a Friday
holiday or school holiday, as applicable.


Tex. Fam. Code Ann. § 153.315(a) (Vernon 2002).

 

4. Section 153.258 provides:

 

 Without regard to Rules 296 through 299, Texas Rules of Civil
Procedure, in all cases in which possession of a child by a parent is contested
and the possession of the child varies from the standard possession order, on
written request made or filed with the court not later than 10 days after the
date of the hearing or on oral request made in open court during the
hearing, the court shall state in the order the specific reasons for the
variance from the standard order.


Tex. Fam. Code Ann. § 153.258 (Vernon 2002) (emphasis added).