COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-259-CV

 

 

IN THE INTEREST OF A.S.Z.,

A MINOR CHILD

 

                                              ------------

 

           FROM
THE 325TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant Sergio
Z. appeals the conservatorship and child support provisions of the trial court=s order in the suit affecting the parent-child
relationship in favor of Appellee, Patricia J., who is the mother of Sergio=s son, A.S.Z.  In
eight issues, Sergio contends that the trial court erred by (1) awarding
Patricia=s attorney=s fees as child support, (2) not awarding him court costs,
expenses, and all relief in law and equity, (3) failing to allow him an
uninterrupted thirty-day summer possession of A.S.Z., (4 and 5) awarding
Patricia possession of A.S.Z. on every Christmas Eve, Christmas Day, and
Easter, (6) not requiring the parents to alternate in the pickup and delivery
of A.S.Z., (7) failing to award Sergio full joint managing conservatorship with
no restrictions, and (8) failing to reduce child support payments to reflect
Sergio=s current income. 
Because we hold that the trial court=s awarding of Patricia=s attorney=s fees as child support was improper, we modify the trial
court=s judgment in part and affirm it as modified.

In his first
issue, Sergio argues that the award of $20,315.00 in attorney=s fees as child support was improper.  We agree. 
The legislature has specifically distinguished the assessment of fees
and costs in child support enforcement actions from the assessment of attorney=s fees and costs in a suit affecting the parent-child
relationship because of the potentially serious consequences that stem from an
award of attorney=s fees as child support.[2]  In a child support enforcement action, the
trial court may assess attorney=s fees as child support, but in a suit affecting the
parent-child relationship, the trial court may assess attorney=s fees as costs, not child support.[3]








The order
appealed in this case involves attorney=s fees incurred in a suit affecting the parent-child
relationship but does not involve the enforcement of delinquent child support
obligations.  Accordingly, we sustain
Sergio=s first issue.  We
therefore modify the trial court=s judgment by deleting the phrase Aas additional child support@ from the section entitled AAttorney=s Fees.@[4]

In his second
issue, Sergio contends that he is entitled to court costs and any other
remedies in law and equity to which he is entitled.  To the extent that Sergio is complaining that
the trial court erred by not ordering Patricia to pay his court costs, we
disagree.  Section 106.001 of the Texas
Family Code provides that A[t]he court may award costs in a suit or motion under this
title and in a habeas corpus proceeding.@[5]  Here, the trial
court ordered that costs Aare to be borne by the party who incurred them.@  Because Sergio
does not explain why the trial court should have ordered Patricia to pay his
costs, we cannot hold that the trial court abused its discretion.








To the extent that Sergio is contending that he is
entitled to court costs at the appellate level, we note that our judgment
reflects that appellate court costs are split equally between Sergio and
Patricia.  We overrule Sergio=s second issue.

In his fourth, seventh, and eighth issues, Sergio asserts
that the trial court abused its discretion by awarding Patricia possession of
A.S.Z. on every Christmas Eve and Christmas Day, failing to grant him full
joint managing conservatorship without any restrictions, and failing to reduce
his child support payments to reflect his current income.  However, because Sergio agreed to these
provisions at trial, he cannot now complain on appeal that the trial court
abused its discretion.[6]  Accordingly, we overrule Sergio=s fourth, seventh, and eighth issues.  








In Sergio=s third and fifth issues, he argues that the trial court
abused its discretion by failing to allow him an uninterrupted thirty-day
summer possession of A.S.Z. and awarding Patricia possession on every
Easter.  We review the trial court's
decisions on custody, control, possession, and visitation matters for an abuse
of discretion.[7]  A trial court abuses its discretion if it
acts arbitrarily or unreasonably, without reference to guiding principles.[8]  








AThe best interest of the child shall always be the primary
consideration of the court in determining the issues of conservatorship and
possession of and access to the child.@[9]  There is a
rebuttable presumption that the standard possession order (1) provides
reasonable minimum possession for a parent named as a joint managing
conservator and (2) is in the child's best interest.[10]  If special circumstances make the standard
possession order unworkable or inappropriate, however, A[t]he court shall render an order that grants periods of
possession of the child as similar as possible to those provided by the
standard possession order.@[11]  In deviating from
the standard possession order, the trial court may consider (1) the age,
developmental status, circumstances, needs, and best interest of the child; (2)
the circumstances of the managing conservators; 
and (3) any other relevant factor.[12]  AThe terms of an order that denies possession . . . may not
exceed those that are required to protect the best interest of the child.@[13]  

Sergio complains that the trial court abused its
discretion by ordering that he shall have possession of A.S.Z. for two
fourteen-day periods instead of an uninterrupted thirty-day period in the
summer.  Because the trial court=s order provides for two fourteen-day visits in the
summers of 2007-2009 and allows Sergio uninterrupted thirty-day visits in the
summers of 2010-2018, and because it is now 2008, we will address this issue as
it pertains to summers 2008-2009.

Section 153.312(b)(2)(A) of the Texas Family Code provides
that upon written notice,

the possessory conservator shall have possession of the
child for 30 days beginning not earlier than the day after the child=s school is dismissed for the summer vacation and ending
not later than seven days before school resumes at the end of the summer
vacation, to be exercised in not more than two separate periods of at least
seven consecutive days each.[14]








Regarding summer visitation, Patricia testified that she
did not want Sergio to have custody of A.S.Z. for an uninterrupted thirty days
because of A.S.Z.=s age (he was six years old at the time of trial), she did
not believe that Sergio could control his temper, and Sergio did not have
enough patience for A.S.Z. during his weekend visits.  At trial, Sergio admitted that he has a low
tolerance for things that A[don=t] make sense.@  Because the summer
visitation is consistent with section 153.312, we hold that the trial court did
not abuse its discretion.[15]  Accordingly, we overrule Sergio=s third issue.  

In his fifth issue, Sergio argues that the trial court
abused its discretion by deviating from the standard possession order by
awarding Patricia possession of A.S.Z. for every Easter.  The trial court=s order provides,

PATRICIA [] shall exclusively have possession of the child
on each Easter weekend beginning at 6:00 p.m. on the Saturday immediately
preceding Easter Sunday and ending at 8:00 a.m. on the Monday immediately
following Easter Sunday.  If Easter
Sunday falls on the 1st, 3rd, or 5th weekend of the month, SERGIO [] may opt to
make-up the missed time with the child by informing PATRICIA [] in writing of a
Saturday from 6:00 p.m. to Monday at 8:00 a.m. period that occurs on the 2nd
and 4th weekend of the same month in which Easter occurs or the month
immediately following . . . .

Patricia testified that Sergio is an atheist and does not
celebrate holidays.  She further stated
that on Easter, her family has a large get-together and an Easter egg
hunt.  She stated that because she is
Christian and Sergio is not, she believes that she should be able to celebrate
the Christian holidays with A.S.Z.








Sergio testified that he does not celebrate holidays,
except when somebody invites him to be a part of his or her celebration.  He further stated that if he had possession
of A.S.Z. on Easter, he would take A.S.Z. to celebrate the holiday.  Sergio recalled two occasions that he went
with Patricia and A.S.Z. to hunt for Easter eggs.  He said that he objected to Patricia having
A.S.Z. every Easter because he only gets to see A.S.Z. twice a month and did
not want another holiday taken away from him. 
He further stated that he wanted to take A.S.Z. to do things that are
fun for him, such as Easter egg hunting.

Sergio does not refer us to any case law addressing this
issue.  However, after reviewing the
record, we hold that there is evidence to support the trial court=s decision.  By
awarding Patricia Easter holidays and allowing Sergio to make up the missed
weekend with A.S.Z. if Easter should fall on a weekend in which he would have
otherwise had possession, the trial court accommodated both parents.[16]  We therefore hold that the trial court did
not abuse its discretion and overrule Sergio=s fifth issue.  








In his sixth issue, Sergio argues that the trial court
erred by failing to require the parents to alternate pickup and delivery of
A.S.Z. during Sergio=s times of possession. 
However, because this issue was not litigated in the trial court or
otherwise brought to the trial court=s attention, it was not preserved for appeal.[17]  We overrule Sergio=s sixth issue.

Having sustained Sergio=s first issue, we modify the trial court=s judgment to delete the provision awarding attorney=s fees as child support. 
Having overruled his remaining issues, we affirm the trial court=s judgment as modified.

 

PER CURIAM

PANEL:  DAUPHINOT,
J.; CAYCE, C.J.; and LIVINGSTON, J.

DELIVERED: August 14, 2008











[1]See Tex.
R. App. P. 47.4.





[2]Naguib v. Naguib, 183 S.W.3d 546, 547 (Tex. App.CDallas 2006, no pet.); see also
TEX. FAM. CODE ANN. '' 106.002, 157.167(a) (Vernon
Supp. 2008).





[3]Finley v. May, 154 S.W.3d 196, 199
(Tex. App.CAustin 2004, no pet.).





[4]See In re M.A.N.M., 231 S.W.3d 562, 566 (Tex. App.CDallas 2007, no pet.); Finley,
154 S.W.3d at 199.  





[5]TEX. FAM. CODE ANN. ' 106.001 (Vernon 2002).  





[6]See McLendon v. McLendon, 847 S.W.2d 601, 609 (Tex. App.CDallas 1992, writ denied) (holding
that because father agreed to the omission of specific periods of possession,
he cannot complain on appeal that the failure to grant him specific terms is
reversible error).  





[7]Gillespie v. Gillespie, 644 S.W.2d 449, 451 (Tex. 1982); see
also Jacobs v. Dobrei, 991 S.W.2d 462, 463 (Tex. App.CDallas 1999, no pet.). 





[8]Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241B42 (Tex. 1985), cert. denied,
476 U.S. 1159 (1986). 





[9]TEX. FAM. CODE ANN. ' 153.002 (Vernon 2002).  





[10]Id. ' 153.252.





[11]Id. ' 153.253.





[12]Id. ' 153.256; Garza v. Garza,
217 S.W.3d 538, 553 (Tex. App.CSan Antonio 2006, no pet.). 






[13]TEX. FAM. CODE ANN. ' 153.193 (Vernon 2002).





[14]Id. ' 153.312(b)(2)(A) (Vernon Supp.
2008).  





[15]See TEX. FAM. CODE ANN. ' 153.312(b)(2)(A); see also
Garza, 217 S.W.3d at 553 (holding trial court did not abuse its discretion
by deviating from standard possession order because order was consistent with
section 153.312).





[16]See Jacobs, 991 S.W.2d at 464.





[17]See TEX. R. APP. P. 33.1(a).