

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-07-259-CV**

IN THE INTEREST OF A.S.Z.,
A MINOR CHILD

-----------

FROM THE 325TH DISTRICT COURT OF TARRANT COUNTY

-----------

## MEMORANDUM OPINION[1]

-----------

Appellant Sergio Z. appeals the conservatorship and child support provisions of the trial court's order in the suit affecting the parent-child relationship in favor of Appellee, Patricia J., who is the mother of Sergio's son, A.S.Z. In eight issues, Sergio contends that the trial court erred by (1) awarding Patricia's attorney's fees as child support, (2) not awarding him court costs, expenses, and all relief in law and equity, (3) failing to allow him an uninterrupted thirty-day summer possession of A.S.Z., (4 and 5) awarding

---

[1] *See* TEX. R. APP. P. 47.4.

Patricia possession of A.S.Z. on every Christmas Eve, Christmas Day, and Easter, (6) not requiring the parents to alternate in the pickup and delivery of A.S.Z., (7) failing to award Sergio full joint managing conservatorship with no restrictions, and (8) failing to reduce child support payments to reflect Sergio's current income. Because we hold that the trial court's awarding of Patricia's attorney's fees as child support was improper, we modify the trial court's judgment in part and affirm it as modified.

In his first issue, Sergio argues that the award of $20,315.00 in attorney's fees as child support was improper. We agree. The legislature has specifically distinguished the assessment of fees and costs in child support enforcement actions from the assessment of attorney's fees and costs in a suit affecting the parent-child relationship because of the potentially serious consequences that stem from an award of attorney's fees as child support.[2] In a child support enforcement action, the trial court may assess attorney's fees as child support, but in a suit affecting the parent-child relationship, the trial court may assess attorney's fees as costs, not child support.[3]

---

[2] *Naguib v. Naguib*, 183 S.W.3d 546, 547 (Tex. App.—Dallas 2006, no pet.); *see also* TEX. FAM. CODE ANN. §§ 106.002, 157.167(a) (Vernon Supp. 2008).

[3] *Finley v. May*, 154 S.W.3d 196, 199 (Tex. App.—Austin 2004, no pet.).

The order appealed in this case involves attorney's fees incurred in a suit affecting the parent-child relationship but does not involve the enforcement of delinquent child support obligations. Accordingly, we sustain Sergio's first issue. We therefore modify the trial court's judgment by deleting the phrase "as additional child support" from the section entitled "Attorney's Fees."[4]

In his second issue, Sergio contends that he is entitled to court costs and any other remedies in law and equity to which he is entitled. To the extent that Sergio is complaining that the trial court erred by not ordering Patricia to pay his court costs, we disagree. Section 106.001 of the Texas Family Code provides that "[t]he court may award costs in a suit or motion under this title and in a habeas corpus proceeding."[5] Here, the trial court ordered that costs "are to be borne by the party who incurred them." Because Sergio does not explain why the trial court should have ordered Patricia to pay his costs, we cannot hold that the trial court abused its discretion.

To the extent that Sergio is contending that he is entitled to court costs at the appellate level, we note that our judgment reflects that appellate court costs are split equally between Sergio and Patricia. We overrule Sergio's

---

[4] *See In re M.A.N.M.*, 231 S.W.3d 562, 566 (Tex. App.—Dallas 2007, no pet.); *Finley*, 154 S.W.3d at 199.

[5] TEX. FAM. CODE ANN. § 106.001 (Vernon 2002).

second issue.

In his fourth, seventh, and eighth issues, Sergio asserts that the trial court abused its discretion by awarding Patricia possession of A.S.Z. on every Christmas Eve and Christmas Day, failing to grant him full joint managing conservatorship without any restrictions, and failing to reduce his child support payments to reflect his current income.  However, because Sergio agreed to these provisions at trial, he cannot now complain on appeal that the trial court abused its discretion.[6]  Accordingly, we overrule Sergio's fourth, seventh, and eighth issues.

In Sergio's third and fifth issues, he argues that the trial court abused its discretion by failing to allow him an uninterrupted thirty-day summer possession of A.S.Z. and awarding Patricia possession on every Easter.  We review the trial court's decisions on custody, control, possession, and visitation matters for an abuse of discretion.[7]  A trial court abuses its discretion if it acts arbitrarily or

---

[6] *See McLendon v. McLendon*, 847 S.W.2d 601, 609 (Tex. App.—Dallas 1992, writ denied) (holding that because father agreed to the omission of specific periods of possession, he cannot complain on appeal that the failure to grant him specific terms is reversible error).

[7] *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982); *see also Jacobs v. Dobrei*, 991 S.W.2d 462, 463 (Tex. App.—Dallas 1999, no pet.).

4

unreasonably, without reference to guiding principles.[8]

"The best interest of the child shall always be the primary consideration of the court in determining the issues of conservatorship and possession of and access to the child."[9] There is a rebuttable presumption that the standard possession order (1) provides reasonable minimum possession for a parent named as a joint managing conservator and (2) is in the child's best interest.[10] If special circumstances make the standard possession order unworkable or inappropriate, however, "[t]he court shall render an order that grants periods of possession of the child as similar as possible to those provided by the standard possession order."[11] In deviating from the standard possession order, the trial court may consider (1) the age, developmental status, circumstances, needs, and best interest of the child; (2) the circumstances of the managing conservators; and (3) any other relevant factor.[12] "The terms of an order that denies possession . . . may not exceed those that are required to protect the

---

[8] *Downer v. Aquamarine Operators*, *Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied*, 476 U.S. 1159 (1986).

[9] TEX. FAM. CODE ANN. § 153.002 (Vernon 2002).

[10] *Id.* § 153.252.

[11] *Id.* § 153.253.

[12] *Id.* § 153.256; *Garza v. Garza*, 217 S.W.3d 538, 553 (Tex. App.—San Antonio 2006, no pet.).

5

best interest of the child."[13]

Sergio complains that the trial court abused its discretion by ordering that he shall have possession of A.S.Z. for two fourteen-day periods instead of an uninterrupted thirty-day period in the summer. Because the trial court's order provides for two fourteen-day visits in the summers of 2007-2009 and allows Sergio uninterrupted thirty-day visits in the summers of 2010-2018, and because it is now 2008, we will address this issue as it pertains to summers 2008-2009.

Section 153.312(b)(2)(A) of the Texas Family Code provides that upon written notice,

> the possessory conservator shall have possession of the child for 30 days beginning not earlier than the day after the child's school is dismissed for the summer vacation and ending not later than seven days before school resumes at the end of the summer vacation, to be exercised in not more than two separate periods of at least seven consecutive days each.[14]

Regarding summer visitation, Patricia testified that she did not want Sergio to have custody of A.S.Z. for an uninterrupted thirty days because of A.S.Z.'s age (he was six years old at the time of trial), she did not believe that Sergio could control his temper, and Sergio did not have enough patience for

---

[13] TEX. FAM. CODE ANN. § 153.193 (Vernon 2002).

[14] *Id.* § 153.312(b)(2)(A) (Vernon Supp. 2008).

A.S.Z. during his weekend visits. At trial, Sergio admitted that he has a low tolerance for things that "[don't] make sense." Because the summer visitation is consistent with section 153.312, we hold that the trial court did not abuse its discretion.[15] Accordingly, we overrule Sergio's third issue.

In his fifth issue, Sergio argues that the trial court abused its discretion by deviating from the standard possession order by awarding Patricia possession of A.S.Z. for every Easter. The trial court's order provides,

> PATRICIA [] shall exclusively have possession of the child on each Easter weekend beginning at 6:00 p.m. on the Saturday immediately preceding Easter Sunday and ending at 8:00 a.m. on the Monday immediately following Easter Sunday. If Easter Sunday falls on the 1st, 3rd, or 5th weekend of the month, SERGIO [] may opt to make-up the missed time with the child by informing PATRICIA [] in writing of a Saturday from 6:00 p.m. to Monday at 8:00 a.m. period that occurs on the 2nd and 4th weekend of the same month in which Easter occurs or the month immediately following . . . .

Patricia testified that Sergio is an atheist and does not celebrate holidays. She further stated that on Easter, her family has a large get-together and an Easter egg hunt. She stated that because she is Christian and Sergio is not, she believes that she should be able to celebrate the Christian holidays with A.S.Z.

---

[15] *See* TEX. FAM. CODE ANN. § 153.312(b)(2)(A); *see also Garza*, 217 S.W.3d at 553 (holding trial court did not abuse its discretion by deviating from standard possession order because order was consistent with section 153.312).

Sergio testified that he does not celebrate holidays, except when somebody invites him to be a part of his or her celebration. He further stated that if he had possession of A.S.Z. on Easter, he would take A.S.Z. to celebrate the holiday. Sergio recalled two occasions that he went with Patricia and A.S.Z. to hunt for Easter eggs. He said that he objected to Patricia having A.S.Z. every Easter because he only gets to see A.S.Z. twice a month and did not want another holiday taken away from him. He further stated that he wanted to take A.S.Z. to do things that are fun for him, such as Easter egg hunting.

Sergio does not refer us to any case law addressing this issue. However, after reviewing the record, we hold that there is evidence to support the trial court's decision. By awarding Patricia Easter holidays and allowing Sergio to make up the missed weekend with A.S.Z. if Easter should fall on a weekend in which he would have otherwise had possession, the trial court accommodated both parents.[16] We therefore hold that the trial court did not abuse its discretion and overrule Sergio's fifth issue.

In his sixth issue, Sergio argues that the trial court erred by failing to require the parents to alternate pickup and delivery of A.S.Z. during Sergio's

---

[16] *See Jacobs*, 991 S.W.2d at 464.

8

times of possession.  However, because this issue was not litigated in the trial court or otherwise brought to the trial court's attention, it was not preserved for appeal.[17]  We overrule Sergio's sixth issue.

Having sustained Sergio's first issue, we modify the trial court's judgment to delete the provision awarding attorney's fees as child support.  Having overruled his remaining issues, we affirm the trial court's judgment as modified.

PER CURIAM

PANEL:  DAUPHINOT, J.; CAYCE, C.J.; and LIVINGSTON, J.

DELIVERED: August 14, 2008

---

[17] *See* TEX. R. APP. P. 33.1(a).

9