# NO. 12-13-00235-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *STACI PICKENS,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW* |
| *KERRY C. PICKENS, II,*<br>*APPELLEE* | § | *RUSK COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Staci Pickens appeals the trial court's final decree of divorce. On appeal, Staci presents two issues. We affirm.

### BACKGROUND

Staci Pickens and Kerry C. Pickens, II are the parents of one child, Braxlie, born June 1, 2011. On August 2, 2012, Staci filed a first amended petition for divorce, requesting that she and Kerry be appointed joint managing conservators, that she be designated as the conservator with the exclusive right to designate the primary residence of the child, that Kerry be ordered to pay child support and to provide medical child support, and that the court divide their estate in a manner that the court deemed just and right. The trial court filed temporary orders appointing Staci and Kerry as temporary joint managing conservators of the child and granting Staci the exclusive right to designate the primary residence of the child. The temporary orders granted Kerry visitation with the child by mutual agreement or between 9:00 a.m. and 6:00 p.m. on Thursdays, Saturdays, and Sundays on his days off from work.

After the final hearing, the trial court entered a nunc pro tunc final decree of divorce, dividing the parties' marital estate. The trial court appointed Staci and Kerry joint managing conservators of the child, designated Staci as the conservator with the exclusive right to

designate the primary residence of the child within Rusk County or counties contiguous to Rusk County, and ordered Kerry to pay child support. The trial court further ordered that, failing mutual agreement, Kerry was to have possession of the child fourteen days out of every twenty-eight days, and must designate his days of possession at least two weeks in advance. Staci filed a request for findings of fact and conclusions of law before the court entered its nunc pro tunc final decree of divorce. When the trial court did not comply, Staci filed a notice of past due findings of fact and conclusions of law. This appeal followed.

## DEVIATION FROM STANDARD POSSESSION ORDER

In her first issue, Staci argues that the trial court abused its discretion by entering a possession order that deviated from the standard possession order without a sufficient showing that such order was in the best interest of the child.

### Standard of Review

We give wide latitude to a trial court's determinations on possession and visitation issues, reversing the court's decision only if it appears that the court abused its discretion in light of the record as a whole. *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982). A trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to any guiding rules or principles. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990).

### Applicable Law

The guidelines established in the standard possession order are intended as the minimum possession for a joint managing conservator. TEX. FAM. CODE ANN. § 153.251(a) (West 2008). There is a rebuttable presumption that the standard possession order provides reasonable minimum possession of a child for a parent named as joint managing conservator, and that the order is in the best interest of the child. TEX. FAM. CODE ANN. § 153.252 (West 2008). A court shall render an order that grants periods of possession of the child as similar as possible to those provided by the standard possession order if the work schedule or other special circumstances of the managing conservator make the standard order unworkable or inappropriate. TEX. FAM. CODE ANN. § 153.253 (West 2008). If the court renders terms of possession of a child under an order other than a standard possession order, the court shall be guided by the guidelines established by the standard possession order and may consider (1) the age, developmental status, circumstances, needs, and best interest of the child; (2) the circumstances of the managing

2

conservator and of the parent named possessory conservator; and (3) any other relevant factor. TEX. FAM. CODE ANN. § 153.256 (West 2008).

Where possession of a child by a parent is contested and the possession of a child varies from the standard possession order, the court shall, upon timely request, state in the order the specific reasons for the variance from the standard order. *See* TEX. FAM. CODE ANN. § 153.258 (West 2008). If written, the request must be made or filed with the court not later than ten days after the date of the hearing. *See id.* Alternatively, an oral request may be made in open court during the hearing. *See id.* We apply the same standard of review when a party fails to request specific reasons for the variance under Section 153.258 as when a party fails to make a request for findings of fact under Texas Rules of Civil Procedure 296 through 299. *Jacobs v. Dobrei*, 991 S.W.2d 462, 464 n.2 (Tex. App.—Dallas 1999, no pet.). When a party does not timely request findings of fact, we infer that the trial court made all the necessary findings to support its judgment. *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989). We review the record to determine whether some evidence supports the judgment. *Worford*, 801 S.W.2d at 109. We consider only the evidence "most favorable" to the trial court's judgment and uphold that judgment on any legal theory that finds support in the evidence. *Id*.

## Analysis

First, Staci complains that the trial court did not file findings of fact and conclusions of law stating its bases for the possession order that deviated from the standard possession order. However, Staci's request for findings of fact and conclusions of law was made pursuant to Rules 296 and 297 of the Texas Rules of Civil Procedure. And these rules do not apply here. *See* TEX. FAM. CODE ANN. § 153.258 (Section 153.258 applies "[w]ithout regard to Rules 296 through 299 [of the] Texas Rules of Civil Procedure"). Staci did not request the trial court to set forth the reasons for deviating from the standard possession order, and she did not cite Section 153.258 of the Texas Family Code. Moreover, Staci's request was filed on June 6, 2013, more than ten days after the April 23, 2013 final hearing. Accordingly, the trial court was not required to enter findings and conclusions under that section of the family code.

Because Staci did not timely request findings of fact pursuant to Section 153.258, we infer that the trial court made all the necessary findings to support its judgment. *See* *Roberson*, 768 S.W.2d at 281. Thus, we review the record to determine whether some evidence supports the judgment. *See Worford*, 801 S.W.2d at 109.

3

The evidence shows that the parties contested possession of and access to the child. Kerry was a tool pusher or rig manager in the oil field and worked a two week on/two week off schedule out of town. At the time of trial, he was working in West Virginia. He lived with his mother and his older child, a thirteen year old son. He stated that he lived approximately thirty to forty minutes from Staci, and that he picked up and delivered Braxlie to Staci during his times of possession.

Kerry testified that he did not intend to take his daughter with him to West Virginia, and admitted that he would be working out of town for approximately three quarters of every month. Kerry requested that Braxlie live with him when he was off work and with Staci when he was at work. He and his mother believed that this was in Braxlie's best interest.

Kerry testified that Staci denied him overnight visits with Braxlie even though she allowed at least three other babysitters to keep the child overnight. Staci admitted that she left the child overnight with three babysitters and her older daughter. She also said that she employed a babysitter to watch the child while she was at work. However, Staci said she refused to let Kerry keep the child overnight because he had not been able to get the child to sleep or nap during the day. Kerry and his mother denied not being able to get Braxlie to nap when she is in his possession. Staci believed it was in the child's best interest not to have overnight visitation with Kerry until she was three years old. Instead, she requested that Kerry have possession of Braxlie during the day on the Fridays, Saturdays, and Sundays of his weeks off work. She requested that Kerry be awarded possession in accordance with the standard possession order when the child turned three years old.

Staci testified that she was the child's primary caretaker during the marriage because Kerry was out of town about three weeks each month. She admitted that if she spent the night with her boyfriend, the child stayed overnight with her older daughter. A licensed investigator testified that on successive days and nights, he observed Staci's boyfriend's vehicle at the house all night while she was working a night shift at a nursing home. He stated that more than once, Staci's boyfriend was the person who delivered the child to Kerry at Staci's house in the morning.

In summary, there is some evidence to support the trial court's judgment. A standard possession order would have given Kerry a maximum of approximately thirteen days of possession per month. *See* TEX. FAM. CODE ANN. § 153.312(a) (West 2008). However, the

4

standard possession order would have granted Kerry possession of the child on the first, third, and fifth Friday evening of each month through the following Sunday evening, and Thursday evenings each week. The evidence shows that Kerry was at work out of town for two weeks each month, and at home approximately two weeks every month. Thus, the trial court reasonably could have determined that Kerry's work schedule made the standard order unworkable or inappropriate. The court fashioned a period of possession as similar as possible to that provided by a standard possession order. *See* TEX. FAM. CODE ANN. § 153.253. Consequently, this portion of the trial court's possession order does not constitute an abuse of discretion. We overrule Staci's first issue.

### TIMES AND CONDITIONS OF STANDARD POSSESSION ORDER

In her second issue, Staci contends that the trial court abused its discretion by entering a possession order that fails to specify the times and conditions for possession and access "without a showing that such order is in the best interest of the child[.]" She complains that the possession order fails to specify dates "or even specific dates of the week" that Kerry must exercise his possession and access. Further, Staci argues that this failure in effect gives Kerry absolute discretion over possession and access to the child, which makes the order "completely unworkable" and unenforceable by contempt.

Section 153.006(c) provides that the court shall specify and expressly state in the order the times and conditions for possession of or access to the child, unless a party shows good cause why specific orders would not be in the best interest of the child. TEX. FAM. CODE ANN. § 153.006(c) (West 2008). The evidence shows that Kerry worked a two week on/two week off schedule out of town. An exhibit admitted into evidence showed Kerry's monthly work schedule from April 2013 through the month of trial, July 2013, and some of his future monthly schedules. None of his monthly work schedules were identical, including specific dates on or off work, nor did they show a particular pattern. By the evidence of his unusual work schedule, Kerry showed that an order with specific times or dates for possession of and access to the child would not have been in the child's best interest.

In her brief, Staci cites *Roosth v. Roosth*, 889 S.W.2d 445 (Tex. App.—Houston [14th Dist.] 1994, writ denied) to support her argument that the possession order is "completely unworkable" and unenforceable by contempt. In *Roosth*, the possession order gave the mother

complete discretion to determine when, where, and if the father may have possession of or access to the children. *See Roosth*, 889 S.W.2d at 452. The complete discretion and lack of enforceability of the possession order effectively denied the father's right to visitation with his children, and the court of appeals held that the trial court abused its discretion in ruling that visitation periods depended upon the mother's approval. *See id.* Similarly, in *In re Marriage of Collier*, No. 07-09-00146-CV, 2011 WL 13504 (Tex. App.—Amarillo Jan. 4, 2011, no pet.), the possession order gave the mother complete discretion over the father's possession of the child and was unenforceable by contempt. *See In re Marriage of Collier*, 2011 WL 13504, at *4. On appeal, the court held that the trial court abused its discretion because the order effectively denied the father access to the child and also denied him the remedy of contempt against the mother. *See id*. at *5-6.

Here, however, neither parent is effectively being denied possession of or access to the child. The order granted Kerry possession of the child for fourteen days out of every twenty-eight days and ordered that he must designate those days at least two weeks in advance. Further, the trial court ordered that all possession begin and end at 6:00 p.m. on the designated days. Neither parent is given complete discretion over the other parent's possession of or access to the child. *See In re Marriage of Collier*, 2011 WL 13504, at *4; *Roosth*, 889 S.W.2d at 452.

We overrule Staci's second issue.

## DISPOSITION

Having overruled Staci's first and second issues, we ***affirm*** the judgment of the trial court.

<u>JAMES T. WORTHEN</u>
Chief Justice

Opinion delivered February 28, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 28, 2014**

**NO. 12-13-00235-CV**

**STACI PICKENS,**
Appellant
V.
**KERRY C. PICKENS, II,**
Appellee

Appeal from the County Court at Law

of Rusk County, Texas (Tr.Ct.No. 2012-07-368-CCL)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **STACI PICKENS,** for which execution may issue, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*